No. 43,419

STATE OF KANSAS, *Appellee*, v. RIDDELLE L. GREGORY, *Appellant*.

(383 P. 2d 965)

Opinion filed July 10, 1963.

*Eugene T. Hackler*, of Olathe, argued the cause, and *James L. Baska*, of Kansas City, was with him on the briefs for the appellant.

*Bernis G. Terry*, Assistant County Attorney, argued the cause, and *Hugh H. Kreamer*, County Attorney, *William M. Ferguson*, Attorney General, and *Robert Hoffman*, Assistant Attorney General, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: This is an appeal from a conviction on a charge of unlawfully driving and operating an automobile on a public highway while under the influence of intoxicating liquor, as prohibited by G. S. 1961 Supp., 8-530.

The cause was tried by the court, a jury having been waived by the defendant, Riddelle L. Gregory. After hearing the evidence the trial court found the defendant guilty of the offense as charged. Thereupon defendant perfected an appeal to this court wherein he contends that the trial court erred in overruling his motions for discharge at the close of the state's case and at the close of all the evidence in the case and his motion for a new trial.

Two witnesses, Herbert Haines and Richard Darnell, testified for the state. Their testimony will be summarized.

During the course of the trial Haines testified that on November 21, 1961, at approximately 4:00 p. m., he observed an automobile in the ditch on the south side of Highway K-150, a public highway in Johnson County, Kansas. It was dusk and raining slightly. He noticed that the windshield wipers and lights of the automobile were on. He further testified that he continued approximately four to five hundred feet beyond such vehicle and then turned around and returned to where it was located; that he then observed the windshield wipers and lights had been turned off; that the tracks showed the automobile had been traveling to the west and indicated that it had gone into the ditch at approximately a 35 to 40 degree angle with reference to the line of the highway; that such tracks led up to the rear wheels of the vehicle; that the defendant was standing just outside of the automobile, on the driver's side, holding onto the door to steady himself; that the defendant's eyes were blood-shot and he had a very strong odor of alcoholic beverages; that in answering questions defendant's speech was slow, like it might be a thick tongue, and that defendant appeared to be in a stupor and required assistance in getting up the bank of the ditch. Haines also testified that on the way to the county jail the defendant told him that the vehicle in question was a rented station wagon; that he was the owner of the Smak's Drive-In in Olathe, Kansas, and was making a delivery there. This witness also testified that at the county jail, during a "coin test," he observed Gregory try to pick up a coin and that in doing so he felt all around and all over the floor before he could finally locate it; and that during a "finger-to-nose test," the defendant placed his fingers on his cheeks. During the course of the examination Haines stated that in his opinion defendant was under the influence of intoxicating liquor when he observed him at the scene of the accident.

Darnell, a deputy sheriff, who observed defendant at the county jail, testified that at that time defendant was unshaven, his eyes were bloodshot, his clothes messed up and his shoes muddy. He also stated that defendant's speech was slow and slurred, that his actions were slow, and that when he asked him where he was going he replied he was the owner of Smak's and was making some deliveries to Smak's. This witness further testified that he administered the "coin test" and "finger-to-nose test" to defendant

who, with regard to the former, hit on either side of the coin, and, with regard to the latter, touched the side of his face and slid his finger over to his nose. This witness also testified that the defendant was intoxicated when he reached the county jail.

The defendant's motion for an order discharging him, based on grounds that the evidence failed to prove that he had driven or operated the automobile in question at any time in the State of Kansas during the date in question was overruled.

Following the court's action on the above mentioned motion the defendant testified as a witness on his own behalf. While testifying in that capacity (1) he admitted that he had been drinking in the State of Missouri on the day in question, consuming approximately five scotch and soda drinks and three beers; (2) he stated that by mid-afternoon of that day he "did not feel so good," that when he noticed a man hitchhiking, he asked him to drive him to Olathe, that after they left the State of Missouri and entered the State of Kansas, the automobile ran off the highway into the ditch, that when he woke up the hitchhiker was gone, and that he did not know the name of the alleged hitchhiker and had not seen him since the automobile ran into the ditch; and (3) he denied having driven the automobile after leaving the State of Missouri. So far as the record discloses no other witness testified in defendant's behalf.

The state recalled Haines and Darnell as rebuttal witnesses. Each testified, in substance, that the defendant on the day of his arrest told them that he ran into the ditch to avoid a car that was coming "at him head on."

Appellant's claims of error with respect to the action of the trial court in overruling his motion for discharge at the close of all the evidence in the case and his motion for a new trial, as well as his claims respecting the propriety of the trial court's ruling on the first motion for discharge, to which we have previously referred, are all based upon the fundamental premise that the record discloses no substantial evidence proving or tending to prove all of the elements necessary for conviction under the provisions of G. S. 1961 Supp., 8-530.

In support of his position on the point just mentioned appellant suggests that this court has determined four separate elements which the state must establish beyond a reasonable doubt before there can be a conviction on a drunken driving charge. He relies on *State v. Bailey,* 184 Kan. 704, 339 P. 2d 45, which states:

". . . The offense of unlawfully driving a motor vehicle upon a public highway while under the influence of intoxicating liquor is comprised of several elements, each of which must be proved beyond a reasonable doubt by the State. The State must prove at the time in question (1) the defendant *was operating* the motor vehicle in question; (2) that the instrumentality which the defendant was operating was a *motor vehicle* within the contemplation of such term in the statute; (3) that the defendant was operating such vehicle *on a public highway*; and (4) that he was *under the influence* of intoxicating liquor. . . ." (p. 711.)

Appellant does not appear to question the proof of the elements of the offense other than the one identified in the *Bailey* case as (1), *i. e.,* "the defendant was operating the motor vehicle in question." In this connection, citing *State v. Hendrix,* 188 Kan. 558, 363 P. 2d 522, and *State v. Rhoten,* 174 Kan. 394, 257 P. 2d 141, he states:

". . . that there is a lack of substantial evidence to support his conviction because the circumstances produced by the State to show *he was operating* a vehicle do not exclude every reasonable hypothesis except such *operation.*"

We have no quarrel with appellant's statement of the law as set forth in *State v. Bailey,* supra. However, we cannot agree with the construction which he places on the facts in the case at bar. The record discloses positive evidence that appellant was the only person about the scene of the accident; that he was leaning on the door, on the driver's side, of the car; that he turned off the lights and the windshield wipers while Haines was turning around to give aid; and that he stated he was making a delivery to Smak's Drive-In in Olathe. Moreover, there was evidence, in the form of admissions against interest, to the effect he had driven the automobile into the ditch, notwithstanding his denials to the contrary during the trial.

In the face of the facts of record the only reasonable conclusion which could be gathered from the evidence was that the appellant was driving the motor vehicle. In any event, conceding there was some testimony to the contrary, it was for the trier of facts to determine what evidence was to be believed.

See *State v. Osburn,* 171 Kan. 330, 332, 232 P. 2d 451, which holds:

"It is the function of the jury, not that of the court of appellate review, to weigh the evidence and pass upon the credibility of the witnesses and, if there is substantial competent evidence to support it a verdict will not be disturbed on grounds it is based on insufficient evidence or is contrary to the evidence." (Syl. ¶ 1.)

See, also, *State v. Stout,* 175 Kan. 414, 417, 264 P. 2d 1056; *State*

*v. Haught,* 180 Kan. 96, 299 P. 2d 573; and *State v. Russell,* 182 Kan. 649, 653, 323 P. 2d 913, and decisions therein cited.

Assuming, *arguendo,* that only circumstantial evidence was submitted, the weight to be given such evidence is to be determined by the trier of the facts. It is not the function of this court to weigh the evidence. See *State v. Murphy,* 145 Kan. 242, 65 P. 2d 342, which holds:

"When considering on appeal the sufficiency of circumstantial evidence to sustain conviction of crime, the question before this court is not whether the evidence is incompatible with any reasonable hypothesis except guilt. That was a question for the jury and the trial court, and the function of this court is limited to ascertaining whether there was basis in the evidence for a reasonable inference of guilt, following *State v. Brizendine,* 114 Kan. 699, 220 Pac. 174." (Syl. ¶ 4.)

For other decisions of like import see *State v. Fouts,* 169 Kan. 686, 691, 221 P. 2d 841; *State v. Rhoten,* 174 Kan. 394, 399; 257 P. 2d 141; and *State v. Dill,* 182 Kan. 174, 319 P. 2d 172.

In *State v. Crosby,* 182 Kan. 677, 324 P. 2d 197, we held:

"On appellate review of a conviction of a criminal offense the fact that incriminating circumstantial evidence might also be deemed compatible with innocence is not controlling, and the question before this court is not whether such evidence is incompatible with any reasonable hypothesis except guilt. That is a question for the jury and the trial court, and this court's function is limited to ascertaining whether there is a basis in the evidence for a reasonable inference of guilt.

"It is the function of the jury in the first instance, and of the trial court after verdict, to determine what facts are established by the evidence, and before a verdict of a jury which has been approved by the trial court may be set aside on appeal on the ground of insufficiency of evidence, it must be made clearly to appear that upon no hypothesis whatever is there sufficient substantial evidence to support the conclusion reached in the trial court." (Syl. ¶¶ 4 and 5.)

See, also, *State v. Cooper,* 190 Kan. 101, 372 P. 2d 289, where it is held:

"In reviewing an order overruling a motion to discharge the defendant in a criminal case, the Supreme Court on appeal examines the record to determine whether there is an absence of substantial evidence proving or tending to prove the essential elements of the crime charged. If from all the facts and circumstances disclosed by the evidence the jury might have reasonably drawn an inference of guilt, the defendant's motion for discharge is properly overruled, and the verdict of guilty will not be disturbed." (Syl. ¶ 2.)

The appellant relies on *In re Estate of Hayden,* 174 Kan. 140, 254 P. 2d 813. The facts before us make it clearly distinguishable.

In that case two men were found dead at dual controls of a wrecked airplane and we were dealing with the question of opinion testimony, based on speculation and conjecture, to establish which man had charge of the controls at the time the accident occurred.

Based on what has been heretofore stated and held we must conclude that the facts in this case provided the basis for a reasonable inference by the trial court that the appellant was operating the motor vehicle. In fact, no other reasonable hypothesis could be drawn.

The judgment is affirmed.