No. 44,290

STATE OF KANSAS, *Appellee,* v. FRANK E. MINOR, SR., *Appellant.*

(407 P. 2d 242)

Opinion filed November 6, 1965.

*Kenneth E. Peirce,* of Hutchinson, argued the cause and was on the brief for the appellant.

*Lane H. Cronhardt,* assistant county attorney, argued the cause, and *Richard J. Rome,* county attorney, and *Raymond F. Berkley,* assistant county attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

PRICE, J.: This is a direct appeal from a conviction of the offense of forgery in the second degree.

At both his preliminary examination and trial, and also in this appeal—defendant was represented by Mr. Peirce, his court appointed counsel.

Only two contentions are made.

The first is that the trial court erred in allowing evidence of defendant's character to be introduced over his objection when the issue of "character" had not been raised by him, in violation of that portion of K. S. A. 60-421, which reads:

"If the witness be the accused in a criminal proceeding, no evidence of his conviction of a crime shall be admissible for the sole purpose of impairing his credibility unless he has first introduced evidence admissible solely for the purpose of supporting his credibility."

With respect to this matter the record shows that in the state's case in chief a deputy sheriff was questioned as to events leading up to the filing of the charges. Counsel for defendant cross-examined the witness as to his investigation of the case. On redirect examination it was brought out that the officer had checked F. B. I. "rap sheets" and records in the sheriff's office, including a "mug shot" of defendant, and that from such photograph the complaining witness had identified defendant. An object to this line of

testimony on the ground it was an attempt to show "character" was overruled. Under the circumstances related—the ruling was proper.

Defendant took the witness stand. While being cross-examined by the county attorney he was asked if he was then on parole for forgery. The question was objected to on the ground it was an attempt to show "character" and that defendant had not "opened up" such issue. The jury was then excused for the noon recess and, following argument on the objection, the court advised counsel that the objection would be sustained. The county attorney then stated that he had one more question he desired to ask defendant. The court stated that if the further question was of like nature he also would sustain an objection to it.

After the jury returned from recess the court ruled that defendant's objection to the question was sustained. The county attorney then asked defendant if he had ever been convicted of forgery, burglary, or grand larceny. An objection was likewise sustained— the result being that evidence of alleged prior convictions of forgery, burglary or grand larceny was not introduced before the jury.

Under the circumstances related we believe it was improper for the county attorney to ask the further question and that he should have refrained from doing so.

The contention, however, that the court erred in allowing evidence of defendant's character to be introduced over objection when the matter had not been placed in issue by him, cannot be sustained. Assuming, but not deciding, that evidence of prior convictions would fall within the scope of such contention, the fact remains that objections to questions relating to alleged prior convictions were sustained and such evidence was not introduced.

The remaining contention is that the trial court erred in not striking the objectionable material from the record and in not admonishing the jury to disregard it.

This contention—for all practical purposes—is answered by what has heretofore been said, namely, since evidence of alleged prior convictions was not admitted—there was nothing to strike, and, not being a matter of evidence, there of course was no occasion to admonish the jury with respect thereto.

No error being shown, the judgment is affirmed.

FONTRON, J., dissenting: I cannot agree that the trial court properly overruled the defendant's objection to testimony by the deputy sheriff that he checked the defendant's "K. B. I. rap sheets" and

showed his "mug shot" to a witness. Granted that defense counsel had asked the officer about his investigation of the case, that alone should not be held to invite inadmissible evidence. In my judgment, it ought not be said that a defendant has opened up the subject of his past record merely because he has inquired, on cross-examination, concerning the investigation of the case at hand.

It has long been the rule in this jurisdiction that evidence of other unrelated crimes is not admissible to establish the offense for which an accused is being tried unless they tend to establish identity, plan, method, *scienter*, etc., and then for such limited purposes only. In *State v. Myrick*, 181 Kan. 1056, 317 P. 2d 485, the court said:

"The well-recognized general rule prevailing in this and other jurisdictions is that evidence is inadmissible to prove that the accused has been convicted of another crime independent of, and unrelated to, the one on trial; it is not competent to prove one crime by proving another. ( *State v. Reed,* 53 Kan. 767, 774, 37 Pac. 174; *State v. Wheeler,* 89 Kan. 160, 130 Pac. 656; *State v. Frizzell,* 132 Kan. 261, 295 Pac. 658; *State v. Owen,* 162 Kan. 255, 176 P. 2d 564; *State v. Winchester,* 166 Kan. 512, 514, 515, 203 P. 2d 229; *State v. Fannan,* 167 Kan. 723, 207 P. 2d 1176; *State v. Palmer,* 173 Kan. 560, 251 P. 2d 225; *State v. Aldrich,* 174 Kan. 335, 225 P. 2d 1027; 22 C. J. S., Criminal Law § 682, p. 1084; 20 Am. Jur., Evidence, § 494, p. 428.) All evidence, to be admissible, must be relevant, and the general rule is based upon the principle that evidence of an unrelated prior conviction is irrelevant to prove the offense charged, and has a tendency to prejudice the minds of the jury against the accused and to predispose them to a belief in his guilt. Further, that evidence of a prior conviction, when offered in the state's case in chief, violates the rule of policy which forbids the state initially to attack the character of the accused, and that which prohibits proof of bad character by particular acts ( 1 Wharton's Criminal Evidence, 12th ed. § 232, p. 492.) The rule against the admissibility of such evidence should be strictly enforced. ( *State v. Frizzell,* supra, Syl. ¶ 1.) (p. 1058.)

The foregoing language was quoted in full and approved in *State v. Stephenson,* 191 Kan. 424, 381 P. 2d 335. The rule seems equally applicable to the facts of the instant case. The proscribed testimony was given by a state's witness during presentation of the state's case in chief, at a time when the defendant's character had not been drawn in question.

Nor, in my opinion, would the court's error be rectified by the defendant taking the stand on his own behalf. The evidence would not even then be admissible. K. S. A. 60-421 reads:

"Evidence of the conviction of a witness for a crime not involving dishonesty or false statement shall be inadmissible for the purpose of impairing

his credibility. If the witness be the accused in a criminal proceeding, no evidence of his conviction of a crime shall be admissible for the sole purpose of impairing his credibility unless he has first introduced evidence admissible solely for the purpose of supporting his credibility."

This statute, as I read it, changes the rule formerly existing in this state that evidence of prior convictions was admissible to impeach the credibility of an accused who became a witness in his own behalf. The following notes of the advisory committee, set out in Gard's Kansas Code of Civil Procedure, annotated, p. 392, are illuminating:

"This section takes the logical view that evidence of previous conviction of a crime does not reflect on the credibility of the witness unless the crime involved dishonesty or false statement. It cannot be logically inferred, for example, that a person who has committed a crime of passion would perjure himself on the witness stand. In criminal cases not even evidence of previous conviction for crime involving dishonesty of (sic) false statement may be received to discredit the defendant as a witness unless he has offered evidence in support of his credibility. The purpose is to remove the fear of character smearing as an inducement to the defendant to take the stand and tell his story and subject himself to cross examination."

Although the objectionable testimony did not directly refer to prior convictions, the meaning conveyed by reference to "F. B. I. rap sheets" and "mug shot" was unmistakable. These terms are in general usage today as applying to criminals. I doubt that any jury would be so gullible or so naive as not to realize the clear implication of their use by a sheriff's deputy. The employment of such terms in this case clearly implied that the defendant had a criminal record. It is true that the precise nature of that record was not divulged, nor the number or character of the crimes disclosed. For that very reason, however, the testimony may well have been particularly damaging to the accused, for the jury would be left to speculate as to such matters.

It would be impossible for an appellate court to say how many of the crimes suggested by "rap sheets" and "mug shot" may have been unrelated offenses, how many may have involved dishonesty or false statements, or how many showed plan, identity, etc. But it cannot be gainsaid that some of the crimes implied by the use of the offensive terms may very well have been inadmissible under any theory, or for any purpose. This distinct possibility taints the testimony in its entirety.

Even though part of the defendant's criminal record may have consisted of arrests, rather than convictions, the stigma is not removed. Not only is the admissibility of prior arrests highly questionable under provisions of the code, but there would be no way for this court to ascertain, any more than for the jury to surmise, how many entries in the "F. B. I. rap sheets" represented convictions and how many were for arrests.

Under the circumstances shown in this case, it is my feeling that the admission of the objectionable testimony may not be overlooked. Neither may its admission be justified on the theory that the defendant himself opened the way for its reception. In my judgment, the case should be returned for a new trial and I, therefore, respectfully dissent.