No. 44,361

State of Kansas, *Appellee*, v. Pierre Andre Walker, *Appellant.*

(422 P. 2d 565)

Opinion filed January 21, 1967.

*Richard J. Croker,* of Shawnee Mission, argued the cause and was on the brief for the appellant.

*James C. Thompson,* Assistant County Attorney, argued the cause, and *Robert C. Londerholm,* Attorney General, and *Leo J. Moroney,* County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

Price, C. J.: This is an appeal from a conviction of burglary in the second degree.

The building housing the Oldsmobile automobile agency in Kansas City was equipped with an automatic electric burglary alarm system whereby the police station would receive notice of an unlawful entry into the building during the time when the business was closed. At about 9 p. m. on January 18, 1965, an employee closed the business for the night. In doing so he made a visual check of all the windows—and all were either locked or closed—which fact was confirmed by the burglary alarm indicator.

About an hour later—pursuant to an alarm—police converged on the building. A window on the west side was open and defendant was attempting to leave through it. Upon seeing the officers he and another man—both of whom were known to the police—ran for cover. The officers entered through the open window and soon found defendant hiding in a loft under automobile parts. Two

merchandise vending machines in the building had been pried open and rifled. Defendant explained his presence by saying he had intended to sleep there that night "so that he could be the first in line to buy an Oldsmobile the next morning."

Defendant was represented by retained counsel throughout his trial. He took the witness stand. His explanation of the incident was this:

· During the late afternoon and early evening of the day in question he had been drinking in the vicinity. He became sick and "wanted to go to the bathroom." He entered the building in question through the open service doors and proceeded to the "men's room"—with which he was familiar. When the business was closed for the night he found himself locked in the building—and when apprehended by the officers he was "merely trying to get out." It was contended, therefore, that the elements of burglary—"breaking and entering" (K. S. A. 21-520)—were not established, and that the state's evidence, being circumstantial, was just as consistent with his innocence as with his guilt.

By its verdict of guilty it is obvious the jury did not believe defendant's version of his presence and reason for being in the building.

In this appeal three specifications of error are urged. The first is that the trial court erred in its instruction on circumstantial evidence. The record does not disclose an objection to such instruction, and further, the point is not argued in the brief, and therefore, must be regarded as abandoned.

The other two specifications are that the trial court erred in not directing a verdict for defendant and in overruling his motion for a new trial, because there was no competent and substantial evidence to support the verdict and that the verdict is in fact contrary to the evidence.

Neither contention is good.

The evidence in this case was both direct and circumstantial. The function of this court on appeal is discussed in *State v. Crosby*, 182 Kan. 677, 324 P. 2d 197, 76 A. L. R. 2d 514, Syl. 4 and 5, and need not be repeated. See also *State v. Ledbetter*, 183 Kan. 302, 327 P. 2d 1039; *State v. Gregory*, 191 Kan. 687, 690, 691, 383 P. 2d 965, and *State v. Shaw*, 195 Kan. 677, 678, 679, 408 P. 2d 650.

The evidence fully supports the verdict. No error has been shown. The judgment is affirmed.