No. 44,790

STATE OF KANSAS, *Appellee* v. O'NEAL SCOGGINS, *Appellant.*

(427 P. 2d 603)

Opinion filed May 13, 1967.

*James E. Woodson,* of Topeka, argued the cause and was on the brief for the appellant.

*Robert Hecht,* County Attorney, argued the cause, and *Robert C. Londerholm,* Attorney General, was with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is an appeal in a criminal action wherein the appellant was tried by a jury and convicted of robbery in the first degree as defined in K. S. A. 21-527. Having had one prior felony conviction, the appellant was sentenced under the habitual criminal act to the Kansas State Penitentiary for a term of not less than twenty nor more than forty-two years. (K. S. A. 21-530 and 21-107a.)

The only question squarely here is whether the evidence presented by the state is sufficient to sustain the conviction.

The evidence establishes that the appellant, O'Neal Scoggins, was present in the Mobil Service Station at the corner of 17th and

Topeka Avenue in the city of Topeka on the morning of December 12, 1965, and wanted to know if he could wait there until he was picked up for lunch. The service station attendant, Robert Christianson, gave his permission and thereupon went about his duties servicing automobiles coming into the station.

A witness by the name of Alfred Wright testified he arrived at the station about 10 o'clock on the morning in question and after visiting with Mr. Christianson left about ten minutes until 12:00; that when he left the appellant and Mr. Christianson were at the station. He further stated "that he observed Mr. Scoggins watching Mr. Christianson, in fact, he was watching his move, every move he made, prior to his leaving."

Another witness by the name of Jess Holmes, an acquaintance of Mr. Christianson, came to the station and talked to the appellant and also to Mr. Christianson. Mr. Christianson ordered his lunch by telephone, and Mr. Holmes went up the street to Topper's Drive-In and returned to the station with the lunch which Mr. Christianson had ordered. He arrived back at the station about 12:20 or 12:25 p. m. Mr. Christianson had just finished servicing an automobile, and the appellant was sitting on a bench on the east side of the service area. Mr. Holmes left the station about 12:30.

Mr. Christianson testified when he went into the station to take his lunch from the shelf where it had been placed, he observed the appellant on the bench drinking a bottle of Squirt. No one else was in the station. When Mr. Christianson turned to get his lunch off the shelf he was struck on the head. After being hit on the head he fell to the floor and felt someone jerking on his billfold. He heard the front door open, raised his head up and looked through the glass service door where he saw the appellant "going towards the south and back east around the back of the building." The witness got up and went outside at which time he passed out.

The billfold contained the money with which Mr. Christianson was operating the station.

It was later discovered Mr. Christianson had been struck with a bottle which broke at the time he was struck. The green glass found on the floor was the same color as a soda pop bottle of the Squirt brand seen in the possession of the appellant immediately prior to the assault.

A police officer was dispatched to the station at 12:38 p. m., and on arrival observed Mr. Christianson, an injury to his head, and a broken Squirt bottle.

The appellant contends the state has not made out a *prima facie* case as to the identity of the person who committed the alleged robbery. He argues:

". . . The prosecution witness' testimony was that he went to get his lunch from a little shelf on the north wall of the service area, turned and started back towards the office, and was hit over the head. When asked by the assistant county attorney if he actually saw who hit him on the head, the prosecution witness replied 'No, not actually, no.' On cross examination the prosecution witness testified that the appellant was seated on a bench approximately seven or eight feet away from where he was struck. He did not hear the appellant get up nor did he hear any noises from the area where the bench was located. He was again asked if he saw who struck him and he replied in the negative."

Contrary to the appellant's contention the circumstantial evidence set forth in the record was sufficient to make out a *prima facie* case identifying the appellant as the assailant.

The appellant contends the state failed to prove the money allegedly taken from Mr. Christianson was the personal property of Bill Dodds, the manager of the station, as charged in the information.

Dodds testified that on the 12th day of December, 1965, he managed the station and had employed Mr. Christianson; that he arrived on the morning in question at approximately 10:00 or 10:15 a.m., and observed the appellant at the station; that he left the station a little before noon and the appellant was still present; that he checked with his employee, Mr. Christianson, and determined that he had enough money on which to operate. He further testified when he left the station the appellant was sitting on a work bench drinking a bottle of pop; and that ten or fifteen minutes after arriving home he was called by Mr. Christianson and advised of the robbery.

The appellant took the stand in his own defense and denied that he purchased any pop or that he was at the station after 11 o'clock a. m.

Though circumstantial, there was sufficient substantial evidence from which a jury could find the appellant guilty of robbery in the first degree, as contemplated by 21-527, *supra*—that the state had sustained its burden of proof on all elements of the offense.

In a criminal prosecution it is the function of the jury in the first instance, and of the trial court after verdict, to determine what facts are established by the evidence, and before a verdict of a jury which has been approved by the trial court may be set aside on appeal on the ground of insufficiency of evidence, it must be made clearly to appear that upon no hypothesis whatever is there sufficient substantial evidence to support the conclusion reached in the trial court. (*State v. Walker*, 198 Kan. 14, 422 P. 2d 565, Syl. ¶ 1; *State v. Shaw*, 195 Kan. 677, 408 P. 2d 650; *State v. Gregory*, 191 Kan. 687, 383 P. 2d 965; and *State v. Ledbetter*, 183 Kan. 302, 327 P. 2d 1039.)

When considering the sufficiency of circumstantial evidence to sustain a conviction of crime on appeal, the question is not whether the evidence is incompatible with any reasonable hypothesis except guilt. That question was for the jury and trial court. The function of the appellate court is limited to ascertaining whether there was a basis in the evidence for a reasonable inference of guilt. (*State v. Crosby*, 182 Kan. 677, 324 P. 2d 197, 76 A. L. R. 2d 514, and authorities cited therein at page 685 of the official report.)

The appellant contends the trial court erred in permitting the state to cross examine him on an unrelated prior conviction of forgery.

Actually, this point is not properly before the court for review. There was no objection to the testimony during the trial of the case, the appellant did not raise the question on his motion for a new trial, and did not specify it as error.

Assuming the question was properly raised on appeal, it still has no merit because counsel for the appellant first went into the appellant's prior conviction of forgery upon direct examination of the appellant when he took the stand. Under these circumstances, the state is entitled to cross examine on the point.

An examination of the record discloses there was a basis in the evidence for a reasonable inference of guilt. We hold there was sufficient competent evidence to support the verdict of guilty.

The judgment of the lower court is affirmed.