No. 44,886

STATE OF KANSAS, *Appellee,* v. WENDELL JERRY HELM, *Appellant.*

(434 P. 2d 796)

Opinion filed December 9, 1967.

*David K. Clark,* of Manhattan, argued the cause and was on the brief for the appellant.

*John C. Fay,* County Attorney, argued the cause, and *Robert C. Londer-holm,* Attorney General, was with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is a criminal action in which the defendant was charged in Riley County, Kansas, with grand larceny contrary to the provisions of G. S. 1949 (now K. S. A.) 21-533. He was found guilty upon trial to a jury and sentenced to the Kansas State Penitentiary at Lansing, Kansas, for a period of ten years pursuant to K. S. A. 21-534 and 21-107a, by reason of one prior conviction. Appeal has been duly perfected.

The only substantive question presented is the sufficiency of the evidence to support the verdict.

On the 18th day of September, 1964, Wendell Jerry Helm (defendant-appellant) was employed as a salesman by the National

Development Company, whose place of business was located several miles north of Manhattan, Kansas. His immediate superior, Earl Evinger, owned one 12-gauge Remington automatic shotgun; a 22 Remington automatic rifle; a 22 Westerfield automatic rifle; and a German Luger pistol, all of which were located at the National Development Company's place of business.

On the day in question the appellant attempted to borrow $10 from Mr. Evinger for the purpose of "running around in Topeka," but his request was denied. On the same day the appellant was the last person to leave the place of business, having received instructions from his employer to lock the premises when he left. The next day the appellant failed to report to work, but left a note for his wife on his employer's desk, in which he stated:

"Dear Pat: I see no way I can make it, so I'm going to run. I guess this time when I stop, it will probably be for good. I love you and the kids. Jerry."

On the following morning, September 19, 1964, when the note was found, the above described guns were missing. The appellant was thereafter apprehended in Reno, Nevada, and returned to Kansas.

On the 12th day of May, 1965, he was charged with grand larceny by an information filed in the district court of Riley County, Kansas, where he was tried on the 17th day of May, 1965, to a jury. The evidence presented at the trial, with one exception, consisted of the circumstantial evidence heretofore related.

Prior to trial Mr. Evinger visited the appellant in the county jail and was concerned about trying to locate the various guns that were taken, and in particular the German Luger which had sentimental value. He asked the appellant to tell him where he could locate the guns; that he would pick them up from a pawn shop. As a result of the inquiry the appellant said to Mr. Evinger, "Well, they'll either be in Topeka or Junction City, I'm not sure where, I got rid of them."

At the close of all the evidence various post-trial motions were filed including a motion for a new trial. These were overruled by the trial court, except the motion for a new trial which was set for hearing at a later date. At the time set for hearing the motion for a new trial the following colloquy took place:

"MR. CLARK [appellant's attorney]: May it please the court. At this particular time I would like to request of the court the right to withdraw the motion for a new trial. I have talked to Mr. Helm, he's indicated to me that

he feels that the trial in this particular matter was fair and therefore he does not desire to pursue the same.

"THE COURT: You have heard, Mr. Helm, your counsel's statement—and the court is not doubting his statement, but I want to know if you understand what he just said and do you—

"THE DEFENDANT: Yes, sir.

"THE COURT: Do you agree with what he said?

"THE DEFENDANT: Yes, sir.

"THE COURT: That it is your desire at this time that there be no further argument or presentation upon your motion for a new trial, but that your counsel be permitted to withdraw this motion, or at least consent to it being overruled, is this right?

"THE DEFENDANT: Yes, that's right.

"THE COURT: How old are you?

"THE DEFENDANT: Thirty-five, sir.

"THE COURT: Do you know of any reason why the judgment and the sentence of the court should not be pronounced at this time upon your conviction by a jury in this court upon the charge of grand larceny?

"THE DEFENDANT: No reason."

The record does not disclose that counsel for the appellant withdrew the motion for a new trial, nor does it affirmatively disclose that the trial court overruled the motion for a new trial. The journal entry, however, discloses the trial court granted counsel for the appellant permission to withdraw his motion for a new trial. On the other hand, the order appointing counsel to represent the appellant on appeal in this action recites that David K. Clark, an attorney at law in the city of Manhattan, Kansas, was appointed to represent the appellant "in the appeal of the Judgment of Conviction, heretofore made in this court, the Order denying Petitioner's Motion for New Trial and from all other orders, motions, and decisions in the above-entitled matter."

Various contentions are advanced by counsel for the respective parties relative to the foregoing procedure as to disposition of the motion for a new trial.

Without elaborating on these various contentions, we view the net result of the action taken in the lower court as tantamount to an order of the trial court overruling the appellant's motion for a new trial.

In his motion for a new trial the appellant raised questions concerning the sufficiency of the evidence to support the jury's verdict.

The state contends since the motion for a new trial was not argued, at the request of the appellant, he cannot raise such ques-

tions for the first time on appeal. To support this argument the appellant relies on *Commercial Savings & Loan Ass'n v. Curts,* 187 Kan. 18, 354 P. 2d 86, in which the court said:

"From the record presented on appeal it does not appear this issue was argued on the motion for a new trial. Under these circumstances the appellant is deemed to have waived this objection, assuming, without conceding, that it did have merit." (p. 19.)

There the trial court *heard argument* on the motion for a new trial, but the appellant did not raise the question as to whether the trial court should have granted the appellant a jury trial. Under these circumstances the appellant was deemed to have waived his objection.

In the case of *In re Estate of Beeler,* 175 Kan. 190, 262 P. 2d 939, Beeler filed a motion for a new trial on the ground that the judgment was contrary to and not supported by the evidence. The motion was submitted to the court without argument and was overruled, following which Beeler appealed from the order overruling her motion for a new trial. It was contended by the appellees that the appellant was not entitled to a review of the case because counsel did not appear and orally present the motion for a new trial at the time set for its consideration. The court there determined that both parties had diligently argued the grounds assigned as error at the close of the evidence, so that the court was fully apprised of the points involved. The court's order overruling the motion recited that the court had been fully advised in the premises. In the opinion the court said:

"The fact that counsel did not repeat in an oral argument, on a motion for new trial, grounds which had been previously and fully presented, as disclosed by the record, does not warrant the overlooking of the grounds of alleged error, nor the denial of a review of the assignments of error. (*Beam v. Farmers Union Mutual Hail Ins. Co.,* 127 Kan. 234, 238, 273 Pac. 440.) . . ." (p. 193.)

In the instant case, as in *Beeler,* the grounds asserted in the motion for a new trial were that the verdict is contrary to and not supported by the evidence. In the instant case both parties diligently argued the points relating to the sufficiency of the evidence to support a conviction at the close of the evidence, and the trial court was fully advised in the premises. Under these circumstances oral argument on the motion for a new trial was not necessary, and the absence of such argument does not warrant the denial of a review on assignments of error specifying the sufficiency of the evidence to support the verdict.

Was the evidence sufficient to support the verdict?

In a criminal prosecution it is the function of the jury in the first instance, and of the trial court after verdict, to determine what facts are established by the evidence, and before a verdict of a jury which has been approved by the trial court may be set aside on appeal on the ground of insufficiency of evidence, it must be made clearly to appear that upon no hypothesis whatever is there sufficient substantial evidence to support the conclusion reached in the trial court. (*State v. Walker,* 198 Kan. 14, 422 P. 2d 565, Syl. ¶ 1; *State v. Shaw,* 195 Kan. 677, 408 P. 2d 650; *State v. Gregory,* 191 Kan. 687, 383 P. 2d 965; and *State v. Ledbetter,* 183 Kan. 302, 327 P. 2d 1039.)

When considering the sufficiency of circumstantial evidence to sustain a conviction of crime on appeal, the question is not whether the evidence is incompatible with any reasonable hypothesis except guilt. That question was for the jury and the trial court. The function of the appellate court is limited to ascertaining whether there was a basis in the evidence for a reasonable inference of guilt. (*State v. Crosby,* 182 Kan. 677, 324 P. 2d 197, 76 A. L. R. 2d 514, and authorities cited therein at p. 685 of the official report; and *State v. Scoggins,* 199 Kan. 108, 427 P. 2d 603.)

Wholly aside from the circumstantial evidence in the instant case the record discloses an admission of the appellant, which if given credence by the jury, warrants an inference of guilt. We hold the evidence disclosed by the record sufficient to support the verdict.

On oral argument of this appeal before the Supreme Court it was disclosed that the appellant sought a writ of habeas corpus in the United States District Court for the District of Kansas (Case No. L-77), naming Sherman H. Crouse, Warden, Kansas State Penitentiary, Lansing, Kansas, as respondent, by reason of the delay in presenting the appellant's case to the Supreme Court of Kansas for appellate review.

After hearing, the appellant's petition was denied in the Federal District Court, and the writ was discharged remanding the petitioner to the custody of the respondent. In so ruling the Federal District Court found the sentencing court granted the petitioner's request that Mr. David Clark represent him as counsel on appeal to the Kansas Supreme Court; that Mr. Clark was acceptable to the

petitioner; and that the petitioner was well represented by his court-appointed attorney, Mr. Clark. It further found:

"That the correspondence between petitioner and his court-appointed counsel indicated petitioner was in doubt as to whether to continue with his direct appeal or to file a motion to vacate pursuant to K. S. A. 60-1507; that said correspondence indicated that petitioner considered himself as co-counsel in that he continually suggested legal tactics; and that petitioner was aware at all times that there was delay.

"That the circumstances that resulted in the delay of petitioner's state appeal were due to both petitioner and to his court-appointed attorney, Mr. Clark.

"Therefore, the Court concludes that under all the circumstances, the delay in prosecuting petitioner's appeal from the sentencing court to the Kansas Supreme Court was caused in part by the petitioner and in part by the unusual set of circumstances surrounding the delay; that the delay was neither inordinate nor unreasonable for those reasons."

For the reasons heretofore asserted the judgment of the lower court is affirmed.