No. 45,235

State of Kansas, *Appellee,* v. Lawrence G. Holle, *Appellant.*

(451 P. 2d 237)

Opinion filed March 8, 1969.

*William J. Spriggs,* of Wichita, argued the cause and was on the brief for the appellant.

*James Z. Hernandez,* Deputy County Attorney, argued the cause, and *Kent Frizzell,* Attorney General, and *Keith Sanborn,* County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

Hatcher, C.: The defendant was convicted of the violation of the provisions of K. S. A. 21-590 which prohibits the use of a credit card, without the consent of the person to whom it was issued, with intent to defraud.

In his statement of points the defendant raised numerous alleged trial errors but they were all abandoned on the presentation to this court except the claim that the evidence was insufficient to support the verdict.

The evidence as disclosed by the record supports the following facts:

Shortly before Christmas, 1966, Mr. James Yeoman found a Texaco credit card belonging to Mrs. Harold R. Richards in front of the Lassen Motor Hotel, Wichita, Kansas. The same numbered credit card had been issued in duplicate to Mr. and Mrs. Harold R. Richards.

On January 5, 1967, the defendant, Lawrence G. Holle, was working for the Lucky Sanders' Parking Lot in Wichita, Kansas. He introduced Yeoman to the parking lot manager and Yeoman

was also put to work there. The defendant and Yeoman were living at the same motel.

On January 10, 1967, the defendant, accompanied by Yeoman, drove to the Benjamin Texaco Service Station in the defendant's 1956 Dodge automobile. The automobile carried a 1966 license plate which had been taken from a disabled car in the latter part of 1966, or early part of 1967, while parked at the Kansas Paper Stock Company where Yeoman had been working.

Some service was performed on defendant's automobile which Yeoman satisfied by use of the aforementioned credit card and the signing of Harold R. Richard's name. At the same time an order was placed for three 670 x 15 white sidewall tires, four 600 x 16 six ply truck tires, two conventional and two mud and snow blackwall, plus tubes, in the amount of $303.12. They were to be picked up the next day.

The defendant was with Yeoman when the purchases were made. · He knew Yeoman had the credit card and accepted the benefits. Neither the defendant nor Yeoman knew either Mr. or Mrs. Richards and the Richards had not consented to the use of the credit card. The next evening Yeoman returned to pick up the tires and ordered further service. The attendant became suspicious and called the police. Yeoman admitted he had found the credit card and did not know the owner. He was placed under arrest. A short time later the defendant arrived at the Texaco Service Station and found a policeman there. The officer questioned the defendant about the 1966 license tag and took it off the automobile. The defendant then went to the trunk and got out a 1967 license tag. He was allowed to leave but was later informed against for violation of K. S. A. 21-590 and conviction by a jury followed.

We reach the single issue now raised by the appellant—was the evidence sufficient to sustain the conviction?

In the recent case of *State v. Shaw,* 195 Kan. 677, 408 P. 2d 650, this court reviewed our earlier decisions and stated some very definite guide lines governing the responsibility of this court when the sufficiency of evidence is before this court for review. We reiterate—

An appellate court will not weigh conflicting evidence. It is the function of the trier of facts, not that of a court of appellate review, to weigh evidence and pass upon the credibility of witnesses. A verdict of guilty, when approved by the trial court, must stand if

supported by substantial competent evidence. Where the sufficiency of evidence is being reviewed, the function of an appellate court is limited to ascertaining whether there was a basis for a reasonable inference of guilt. The general rule is—before a verdict approved by the trial court may be set aside on appeal for insufficiency of the evidence, it must clearly appear that on no hypothesis whatever is there sufficient substantial evidence. (See, also, *State v. Scoggins,* 199 Kan. 108, 427 P. 2d 603.)

Without reviewing the evidence in more detail it will suffice to state that we have carefully reviewed the record in the light of the rules set forth above and find there is substantial competent evidence to support the verdict.

The judgment is affirmed.

APPROVED BY THE COURT.