No. 45,076

STATE OF KANSAS, *Appellee,* v. JERRY TROTTER, *Appellant*

(453 P. 2d 93)

Opinion filed April 12, 1969.

*Brian G. Grace,* of Wichita, argued the cause, and was on the brief for the appellant.

*R. K. Hollingsworth,* deputy county attorney, argued the cause, and *Kent Frizzell,* attorney general, and *Keith Sanborn,* county attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

O'CONNOR, J.: The defendant, Jerry Trotter, has appealed from the judgments and sentences entered following his conviction on three felony offenses.

Defendant was charged in a single information containing two counts: second degree burglary and grand larceny (K. S. A. 21-520 and 21-524), and felonious assault (K. S. A. 21-431). At defendant's request, separate jury trials were had on each count. He was found guilty as charged on Count 1 (burglary and larceny). On Count 2, the jury returned a verdict of the lesser included offense of maiming, wounding, disfiguring, or causing great bodily harm (K. S. A. 21-435). Following the denial of defendant's motions for new trials, the district court sentenced him under the habitual criminal act to the state penitentiary—the sentence on Count 2 to run consecutively to those imposed on Count 1.

The numerous questions raised on appeal may be categorized as follows: (1) Undue delay between defendant's arrest and his preliminary hearing; (2) insufficiency of evidence to support the verdicts; (3) various evidentiary rulings of the trial court; and (4) erroneous instructions.

The facts giving rise to the charges arose from happenings on two separate occasions. In brief, the state's evidence showed that during the evening of November 11, 1965, a rear door of the ABC Appliance Company in Wichita was forced open and ten portable television sets, two tape recorders, two portable stereos, and approximately $40 to $45 in cash removed from the premises. The door was pried open by one Cornelius Franklin, who entered the store, took some money, and then departed. He went to a pool hall

on Murdock street where he saw the defendant and one Leon Peterson and told them about the break-in. The three returned to the store, along with one W. C. Kimble. As nearly as we can tell from the somewhat abbreviated record, while Kimble waited in his car, Peterson and the defendant obtained merchandise from the store, which included some television sets. What part Franklin had in the ensuing events, we do not know. At any rate, the articles were placed in Kimble's automobile, and Peterson, the defendant and Kimble drove away. Peterson was let out of the car near his home, taking one of the television sets with him. Kimble and the defendant proceeded to Hutchinson, where they deposited at least part of the merchandise in the home of defendant's brother. The brother was not home at the time, and upon his return found portable television sets and a stereo in the kitchen of his house. Later in the day (November 12) two Hutchinson police detectives, acting on information received from the Wichita Police Department, searched the brother's home in Hutchinson and seized the articles later identified as belonging to the appliance company.

Also on the morning of November 12, defendant went to the home of one Hazel Simms and Peterson and talked to Peterson, who in turn told Hazel that defendant was leaving town and had a television set to sell for $20. Hazel gave him $20 and defendant left. Hazel and Peterson then walked to an apartment house on East Murdock. In an upstairs apartment they saw Kimble and a large number of television sets. Hazel picked out the one she wanted, and soon after she returned home, Kimble delivered the set to her —one of those stolen from the appliance company. Hazel then called the police and a detective went to her home, picked up the television set and arrested Peterson.

Although a warrant for defendant's arrest on the burglary and larceny charges had been issued on November 15, defendant was not apprehended until May 26, 1966, when a police officer, Richard E. LaMunyon, who was aware of the outstanding warrant, heard the dispatcher advise a detective that the defendant was at a pool hall located at Seventeenth and Poplar streets in Wichita. Since the detective did not know the defendant on sight, but LaMunyon did, LaMunyon was dispatched to the scene, where he was met by two other officers. At their request, the defendant walked out of the building with them. When the officers advised him it would be

necessary to handcuff him, he resisted. The officers sought to restrain him, and in the ensuing struggle defendant grabbed LaMunyon's pistol from its holster, and fell to the ground on top of one of the other officers. In the course of LaMunyon's attempting to retrieve the weapon, the defendant fired the gun and the bullet struck LaMunyon in the right hand. Despite his resistance, defendant was subdued and taken into custody at that time.

Defendant's initial specification of error is that he was denied his right to a "speedy trial" in violation of the Sixth and Fourteenth Amendments to the United States Constitution and § 10 of the Bill of Rights of the Constitution of the State of Kansas.

Defendant's point is predicated on the following sequence of events occurring after his apprehension on May 26:

The original complaint was amended the next day to include the felonious assault charge, and an amended warrant for defendant's arrest was issued. The original warrant apparently was withdrawn. At least the record fails to disclose it was ever executed. The marshal's return on the amended warrant shows the defendant was arrested and brought before the court of common pleas on September 19, 1966 — 116 days after the wounding of Officer LaMunyon. When brought before the court, defendant requested a preliminary hearing, which was set for October 3. Defendant and his retained counsel appeared on the scheduled date, when the matter was continued to October 17, and thence to October 18. On the latter date the state produced several witnesses, and at the state's request, but over defendant's objection, the hearing was continued to October 27, at which time it was concluded and defendant bound over for trial in the district court. Defendant's trial on Count 1 commenced February 27, 1967, and was concluded on the 28th; his trial on Count 2 commenced March 15 and was completed on the 17th.

Defendant's contentions with respect to denial of a speedy trial are unmeritorious for several reasons.

In the first place, the right of a speedy trial guaranteed by § 10 of the Bill of Rights of the Kansas Constitution does not refer to the preliminary examination but rather to the trial held after an indictment is returned or an information filed. (*Witt v. State,* 197 Kan. 363, 416 P. 2d 717; *Cooper v. State,* 196 Kan. 421, 411 P. 2d 652.) No question is raised about the promptness of trial following the filing of the information.

In regard to his preliminary examination, defendant is in no position to complain of the 116-day delay between the time of his apprehension on May 26, 1966, and when he was brought before the examining magistrate on September 19. The record discloses, and it was admitted at oral argument, that at the time he was taken into custody there were outstanding city police court commitments, and pursuant thereto he was confined at the city prison farm until September 19, when he was brought before the magistrate on the amended warrant. An analogous factual situation existed in *State v. McGee,* 194 Kan. 246, 398 P. 2d 563, where the contention was made that the accused was not provided a preliminary hearing within ten days after his arrest. In the absence of evidence to the contrary, we may presume defendant was held during the 116-day interim in lawful custody on the police court commitments. Even if we disregard for the moment the circumstances justifying the delay in this case, defendant's claim cannot be supported. We have repeatedly held that undue delay in bringing one accused of a crime before an examining magistrate is not a denial of due process unless such delay in some way deprives the accused of a fair trial. (*State v. Dobney,* 199 Kan. 449, 429 P. 2d 928; *Peterson v. State,* 198 Kan. 26, 422 P. 2d 567; *Witt v. State,* supra; *State v. McCarther,* 196 Kan. 665, 414 P. 2d 59; *Cooper v. State,* supra.) Here, defendant has failed to show that his right to a fair trial was prejudiced in any respect by the delay. We should add that according to the marshal's return, defendant was not arrested on the amended warrant until September 19, 1966, which was the same day he first appeared before the magistrate. Of the several continuances, the defendant objected only to the one from October 18 to October 27, which was less than ten days. Once the accused is brought before the magistrate, a preliminary examination must be conducted without unreasonable delay (K. S. A. 62-610, 62-614) and the examination cannot be continued at any one time longer than ten days *over the accused's objection* (K. S. A. 62-611; *State v. Badders,* 141 Kan. 683, 42 P. 2d 943). Inasmuch as there has been no affirmative showing the continuances here were unnecessary and unreasonable, defendant has no basis for claiming the statutes were violated. (*White v. Crouse,* 193 Kan. 674, 396 P. 2d 333, cert. denied, 381 U. S. 954, 14 L. Ed. 2d 727, 85 S. Ct. 1814.)

Defendant insists the district court should have sustained his separate motions for new trials because the verdicts were unsup-

ported by the evidence. In view of the facts narrated earlier, the point is patently without merit. The rule in a criminal case is that on a review of the sufficiency of evidence this court will examine the record to determine if from all of the facts and circumstances disclosed by the evidence the jury could have reasonably drawn an inference of guilt. (*State v. Townsend,* 201 Kan. 122, 439 P. 2d 70; *State v. Patterson,* 200 Kan. 176, 434 P. 2d 808; *State v. Helm,* 200 Kan. 147, 434 P. 2d 796.) On the burglary and larceny offenses, defendant would have us reweigh the testimony of several of the state's witnesses. This we will not do, for we have consistently adhered to the proposition that it is the function of the jury, not that of the appellate court on review, to weigh the evidence and pass upon the credibility of the witnesses. (*State v. Scott,* 199 Kan. 203, 428 P. 2d 458.)

Defendant's remaining specifications relate to numerous alleged trial errors—only a few of which justify discussion.

Complaint is made the court erroneously admitted hearsay testimony of Hazel Simms when she was permitted to testify about her conversation with Peterson, wherein the latter told her that defendant was leaving town and had a television set to sell for $20. The conversation took place in the home where Hazel and Peterson were living. When defendant was in the living room, Hazel was in the adjacent bedroom, and Peterson was standing in the doorway between the two rooms. The basis of defendant's objection was that it was not clearly shown the conversation took place within his presence and hearing. Hazel's testimony of Peterson's statement to her was clearly admissible as an exception to the hearsay rule under K. S. A. 60-460 (*i*) which codifies in substance the case law previously laid down by this court. (*State v. Shaw,* 195 Kan. 677, 408 P. 2d 650.) In *State v. Borserine,* 184 Kan. 405, 337 P. 2d 697, we said:

". . . Evidence of the acts and declarations of the co-conspirators, done and made in the absence of the accused, is admissible so far as it pertains to the furtherance of the common criminal design, to its consummation, to the disposition of its fruits, and to acts done to preserve its concealment, as an exception to the rule against the admissibility of hearsay evidence. . . ." (p. 411.)

The trial court also properly admitted the testimony of Officer LaMunyon in regard to a conversation which he overheard between the police dispatcher and a detective immediately prior to the de-

fendant's apprehension. The testimony was not inadmissible as hearsay evidence for the reason it was not offered to prove the truth of the matter asserted. At most, the evidence provided some explanation of the officer's action in proceeding to the location where defendant was subsequently taken into custody. (See, *State v. Rhoten*, 174 Kan. 394, 257 P. 2d 141, and *Mills v. Riggle*, 83 Kan. 703, 112 Pac. 617.)

Further evidentiary rulings about which defendant complains pertain to the admission of two exhibits, which were colored slides of Officer LaMunyon's wounded hand. Defendant argues there was no foundation for admitting the exhibits and they were offered solely for the purpose of arousing the passion and prejudice of the jury. After examining the record, we believe there was sufficient showing by extrinsic evidence that the slides were substantially true representations of the injury. (See, *Green v. Kaesler-Allen Lumber Co.*, 197 Kan. 788, 420 P. 2d 1019.) Their relevancy and materiality to show the extent of injury is unquestioned, and they were properly admitted into evidence. (*State v. Booker*, 200 Kan. 166, 434 P. 2d 801, cert. denied, 391 U. S. 965, 20 L. Ed. 2d 879, 88 S. Ct. 2031, and cases cited therein.)

Other rulings of the trial court in regard to the admissibility of evidence upon which defendant predicates error have been examined and found to be lacking in substance. The failure of the court *sua sponte* to strike the answers of two witnesses and instruct the jury to disregard the testimony was not erroneous for the reasons stated in *State v. Minor*, 195 Kan. 539, 407 P. 2d 242, and *State v. Childs*, 198 Kan. 4, 422 P. 2d 898. Further, the court did not abuse its discretion in permitting a witness to testify on rebuttal, although he had previously been present in the courtroom during the testimony of another witness, in violation of the court's order that all witnesses remain separated. (*State v. Smit*, 184 Kan. 582, 337 P. 2d 680; *State v. Falk*, 46 Kan. 498, 26 Pac. 1023; Anno. 14 A. L. R. 3d 16.)

We have examined the court's instructions in each of the trials and defendant's contentions that certain of them were improper statements of law and were not warranted by the evidence.

At the outset we would emphasize that the adequacy of instructions is determined by their being considered as a whole, each in conjunction with all other instructions in the case. (*State v. Jerrel*,

200 Kan. 415, 436 P. 2d 973; *State v. Emler,* 199 Kan. 443, 430 P. 2d 294.)

In respect to the burglary and larceny trial, defendant argues that the court's instruction on what constitutes a felonious breaking, which, incidentally, was in substance a restatement of Syllabus ¶ 1 in *State v. Gatewood,* 169 Kan. 679, 221 P. 2d 392, was inappropriate because there was no evidence that he actually broke into the appliance store. Defendant completely overlooks other instructions— one regarding the guilt of a person as a principal who counsels, aids and abets the commission of an offense, and another instruction on circumstantial evidence. As previously indicated, there was sufficient evidence, even though largely circumstantial, for the jury to find the defendant guilty of the burglary charge.

In answer to defendant's further objection that the term "with felonious intent" was never defined, an instruction stating the elements of the offense in the words of the statute (K. S. A. 21-520) provided that the breaking and entering must be "with the intent to steal or commit any felony therein." The instructions, when considered as a whole, fairly and adequately presented the elements of the offense to the jury. (*State v. Jorgenson,* 195 Kan. 683, 408 P. 2d 683.)

In the felonious assault trial, the jury was also instructed on the lesser included offense under K. S. A. 21-435, which defendant now claims was unwarranted under the evidence. Defendant's contention is answered by our decisions specifically holding that K. S. A. 21-435 is a lesser included offense in an information charging felonious assault (K. S. A. 21-431), and when the evidence in the case justifies the court's instructing on the lesser offense, it is its duty to do so. (*State v. Hanks,* 179 Kan. 145, 292 P. 2d 1096; *State v. Davis,* 169 Kan. 251, 218 P. 2d 215; *State v. Thyer,* 143 Kan. 238, 53 P. 2d 907; *State v. Wright,* 112 Kan. 1, 208 Pac. 630.) The cases relied on by defendant are not in point because under the particular facts of each, the evidence did not justify the giving of instructions on lesser included offenses. Here, on the other hand, there was evidence which warranted a finding that the wounding of the officer took place by the act of the defendant under such circumstances as would have constituted murder or manslaughter if death had ensued, and the court properly instructed on 21-435. (See, *State v. Wright,* supra.)

The grounds raised in defendant's separate motions for new trials have for the most part been covered in our opinion. Those not specifically discussed have been examined and were properly rejected by the trial court. We find nothing in this record approaching prejudicial or reversible error.

The judgment is affirmed.