No. 45,550

STATE OF KANSAS, *Appellee*, v. CARROLL RAY WATSON, *Appellant*.

(466 P. 2d 296)

Opinion filed March 7, 1970.

*Stephen Jones*, of Lyndon, argued the cause and was on the brief for the appellant.

*Edward G. Collister, Jr.*, Assistant Attorney General, argued the cause, and *Kent Frizzell*, Attorney General, *Ernest C. Ballweg*, Assistant Attorney General, and *Adrian M. Farver*, County Attorney, Of Counsel, were with him on the brief for the appellee.

The opinion of the court was delivered by

HATCHER, C.: This is an appeal from a conviction of assault endangering the life of another as prohibited by K. S. A. 21-435.

The following facts may be gleaned from the state's evidence.

On the 22nd day of June, 1968, shortly after 12:00 noon, the defendant and JoAnn Bracken, the sister of Corabelle Furst, arrived at the farm home of the Fursts. The Fursts had been boarding JoAnn Bracken's daughter, Carol, since April, 1968.

After a brief conversation, Mr. Furst agreed to repair the defendant's car in exchange for a chrome .22 caliber pistol. The pistol was delivered to Mr. Furst who placed it in a bedroom dresser drawer. Shortly thereafter, Mr. Furst drove his wife, two

of their children, Rickey and Betty, JoAnn Bracken and the defendant to Ottawa to purchase the parts necessary to repair defendant's car. Mrs. Furst and the defendant entered Harry Smith's Auto Supply where Mrs. Furst ordered a wheel cylinder kit for her car which was paid for by the defendant. Mrs. Furst then left for Naomi's Tavern with her husband and JoAnn Bracken. They were joined shortly thereafter by defendant who had a bottle of liquor under his jacket, although he was not seen drinking.

They all returned that afternoon to the Furst home. Carol Bracken, Linda Furst and Nancy Furst, the complaining witness' oldest daughters, were awaiting them. After a short time an argument ensued when defendant became rather insistent that Carol Bracken, JoAnn's daughter, should leave with them rather than stay with the Fursts. Mrs. Furst objected. Defendant then demanded the return of his pistol. Mr. Furst refused, explaining that defendant had been drinking and the gun would just get him into trouble. After several more demands for the gun, Mrs. Furst told her son Rickey to get the gun and give it to defendant, which he did. Rickey observed that the gun was not loaded.

Mr. Furst then requested that defendant pay for Carol Bracken's board. Defendant angrily threw two twenty dollar bills on the table and went out to the porch with JoAnn Bracken. Shortly thereafter the defendant returned and with no warning he struck Mr. Furst twice on the head with the pistol. Mr. Furst ran out of the room in a dazed condition. Mrs. Furst grabbed at the defendant who struck at her. As she attempted to grab him again, defendant fired the pistol, greatly surprising Mrs. Furst who was unaware that the gun had been loaded. The defendant again fired the gun, this time the shot grazing Mrs. Furst's cheek and she sank to the floor. Defendant, who had been about six feet from Mrs. Furst while firing the shots, then left hastily out the back door. One of the shots was located in the door casing vertical to where Mrs. Furst was standing. The shells were loaded with varmint shot. There were powder burns around the hole in the casing and about Mrs. Furst's face. The defendant drove away in his car and soon thereafter disposed of the pistol in a Topeka, Kansas pawn shop using an assumed name.

The defendant was convicted of assault endangering the life of another. He has appealed.

The appellant first contends that the trial court erred in failing

to continue the trial of the case on its own motion until a witness could be produced.

It appears that while Mrs. Furst and her husband were seeking medical aid, and the children were trying to reach the sheriff through a neighbor's telephone, JoAnn Bracken walked away. She has never been seen nor heard from since that time. Both the state and the defendant caused JoAnn to be subpoenaed as a witness but she was not found.

Neither party requested a continuance. The appellant suggests that he was in no position to ask for a continuance because he was in jail, unable to make bond, and had moved for a speedy trial. Appellant adds—"faced with this dilemma, the defendant was denied effective compulsory process for witnesses in his behalf, and the trial should have been continued until the witness was available."

We find no merit in this contention. A party must make a request if he desires a continuance because of an absent witness. The matter is then addressed to the discretion of the trial court. In *Jackson v. State*, 204 Kan. 823, 465 P. 2d 927, we stated:

"K. S. A. 60-240 (c) provides that the granting of continuances by the court based on the absence of a material witness shall in all cases be discretionary. A proceeding conducted pursuant to 60-1507 is a civil proceeding and the foregoing section applies. K. S. A. 62-1414 provides that continuances may be granted in criminal cases for like causes and like circumstances as in civil cases. Thus, the discretionary portion of 60-240 (c), *supra*, applies to both criminal and civil trials. (See *State v. Zimmer*, 198 Kan. 479, 486, 426 P. 2d 267, cert. denied 389 U. S. 933, 19 L. Ed. 2d 286, 88 S. Ct. 298; and *State v. Hickock & Smith*, 188 Kan. 473, 482, 363 P. 2d 541, cert. denied 373 U. S. 544, 10 L. Ed. 2d 688, 83 S. Ct. 1545.)

"K. S. A. 60-240 (c) also states the court need not entertain any motion for a continuance based upon the absence of a material witness, unless supported by an affidavit which shall state:

". . . the name of the witness, and, if known, his residence, a statement of his expected testimony and the basis of such expectation, a statement that the affiant believes it to be true, and the efforts which have been made to procure his attendance or deposition. . . ." (p. ——.)

The appellant made no attempt to comply with the above statute. In fact, he did not even suggest that he desired a continuance.

The appellant next objects to the failure of the trial court to direct a mistrial because of testimony elicited from the state's witness, Carol Jean Bracken. Carol, the sixteen year old daughter of JoAnn

Bracken, testified that the five years she lived with her mother and the appellant prior to going to live with her aunt and uncle they did not reside anyplace, they just traveled around. When the witness was asked as to the defendant's occupation, his counsel objected and the trial court instructed the jury:

"Members of the jury, you'll disregard any previous testimony of this witness; it's withdrawn and stricken from your consideration. I think, under the rule, you're getting close to error."

The questions were largely preliminary. It may have reflected on the appellant's reputation to be found without an occupation but the question was never answered. Even though the questions were improper the prompt striking of all of the previous testimony of the witness accompanied by the trial court's admonition to the jury cured any error where it does not affirmatively appear that the temporary reception of the evidence or questions resulted in prejudice to the substantial rights of appellant. (*State v. Childs,* 198 Kan. 4, 422 P. 2d 898; *State v. Smith,* 187 Kan. 42, 353 P. 2d 510; *State v. Beam,* 175 Kan. 814, 267 P. 2d 509; *City of Wichita v. Hibbs,* 158 Kan. 185, 146 P. 2d 397.)

The appellant challenges the sufficiency of the evidence to show "malice aforethought," "intent to kill" and "endangering the life of another."

The appellant would take the evidence most favorable to him and weigh it in his favor. This an appellate court cannot do. In *State v. Trotter,* 203 Kan. 31, 36, 453 P. 2d 93, we stated:

". . . The rule in a criminal case is that on a review of the sufficiency of evidence this court will examine the record to determine if from all of the facts and circumstances disclosed by the evidence the jury could have reasonably drawn an inference of guilt. (*State v. Townsend,* 201 Kan. 122, 439 P. 2d 70; *State v. Patterson,* 200 Kan. 176, 434 P. 2d 808; *State v. Helm,* 200 Kan. 147, 434 P. 2d 796.) On the burglary and larceny offenses, the defendant would have us reweigh the testimony of several of the state's witnesses. This we will not do, for we have consistently adhered to the proposition that it is the function of the jury, not that of the appellate court on review, to weigh the evidence and pass upon the credibility of the witnesses. (*State v. Scott,* 199 Kan. 203, 428 P. 2d 458.)"

The same answer may be made to appellant's contention that there was no evidence to support an instruction on maiming, wounding, disfiguring or causing great bodily harm as prohibited by K. S. A. 21-435.

The appellant last complains of the failure of the trial court to

grant a new trial because of newly discovered evidence. The appellant states:

"After the trial of the action, there was discovered by defendant's counsel an additional witness, one Charles Allen, of Topeka, Kansas. His name was not previously known to defendant or his counsel, nor could they have learned of his testimony, by exercise of due diligence. He would have testified that, sometime after the altercation itself, complaining witness Mrs. Furst related to him an entirely different version of the incident than that told by her in the trial of the case. . . ."

The testimony could only be used for impeachment purposes as the alleged new witness was not present at the incident in question. The testimony could do nothing more than discredit the testimony of Mrs. Furst. New trials are not granted on such newly discovered evidence. In *Pankey v. Wyandotte Cab, Inc.,* 174 Kan. 17, 254 P. 2d 305, we stated:

"No error was committed in failing to grant a new trial on this issue. The affidavits were made up largely of statements that, while the witness was an employee as testified to, he had no authority to perform certain duties to which he had testified. Some of the matter in the affidavits was impeaching, but the general rule is that new trials are not granted on account of new evidence which only goes to the general reputation of the witness for truth and veracity, or which merely discredits a witness. (*Schribar v. Maxwell,* 92 Kan. 306, 140 Pac. 865.) . . ." (p. 21.)

A careful examination of the record discloses no trial errors which would justify the granting of a new trial.

The judgment is affirmed.

APPROVED BY THE COURT.