No. 45,010

State of Kansas, *Appellee,* v. Mose W. Sanders, *Appellant.*

(451 P. 2d 148)

Opinion filed March 8, 1969.

*Philip L. Sieve,* of Kansas City, argued the cause and was on the brief for the appellant.

*William L. Roberts,* Assistant County Attorney, argued the cause and *Kent Frizzell,* Attorney General, *Frank D. Menghini,* County Attorney, and *LaVone A. Daily,* Assistant County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

FROMME, J.: Mose W. Sanders was convicted of first degree robbery by a jury. He was sentenced as an habitual criminal by the court. The term of sentence was fixed at not less than fifteen and not more than sixty-three years. He appeals from conviction and sentence.

The Big Joy Burger Drive-In at 10th and Reynolds in Kansas City, Kansas, was the scene of the crime. At 10:45 p. m. on April 17, 1966, a black man wearing a dark overcoat and sun glasses walked up to the counter and ordered a hamburger. A black bandana was tied around his forehead and covered his hair. When the order was delivered he pointed a small gun at the waitress and demanded money from the cash register. He received the money, placed it in the sack with his hamburger and fled on foot.

Police officers who were within a block of the drive-in received a radio message that the robbery was in progress. When they arrived the robber had fled. The officers arrived in two patrol cars. They obtained a description of the robber and details of the crime. The two patrol cars separated and proceeded around the block in opposite directions. They converged on the defendant who was crouched behind a car parked near the curbing. Defendant was apprehended at approximately 11:15 p. m. A black silk scarf was found in his pocket. A dark coat was discovered under the parked car and contained the sack and a small gun. The sack contained $170. The coat was found in close proximity to where defendant was crouching. The name M. W. Sanders was marked in the "tail" of the coat.

The defendant, Mose W. Sanders, was taken directly to police headquarters but denied knowledge and ownership of the coat. Two waitresses who witnessed the robbery at the drive-in were notified to come to the police station to identify the evidence and "look at a man." Several police officers and the defendant were together in one room. The two waitresses viewed them from an adjoining room through a glass window which limited vision to one way. One of the police officers held up the dark coat and asked defendant if it was his. The defendant said it was not. Both waitresses identified the defendant as the robber. They noticed a crease on his forehead such as might be left by a tight head scarf. This all occurred within an hour of the robbery. Charges were filed later and a conviction resulted.

The defendant specifies various trial errors which we will treat separately.

Defendant contends it was error to admit the testimony of the waitresses who made a positive identification of the defendant in court. He argues this identification was founded on a previous viewing of the suspect which occurred before he was advised of his constitutional rights and in the absence of an attorney. The defendant relies on *United States v. Wade*, 388 U. S. 218, 18 L. Ed. 2d 1149, 87 S. Ct. 1926 and *Gilbert v. California*, 388 U. S. 263, 18 L. Ed. 2d 1178, 87 S. Ct. 1951.

The contention is without merit. The waitresses as witnesses for the prosecution identified the defendant as the robber. No objection was made to the admission of this testimony during the trial and it was not claimed as error in the motion for new trial. K. S. A. 60-404 requires a contemporaneous objection be interposed stating the specific ground of objection to any testimony. Instead of lodging such an objection defendant chose to wait and cross-examine the witnesses as to the manner and means by which they identified defendant.

We are aware of the federal cases which hold a state procedural default does not bar a federal court from considering constitutional claims. (*Fay v. Noia*, 372 U. S. 391, 9 L. Ed. 2d 837, 83 S. Ct. 822; *Henry v. Mississippi*, 379 U. S. 443, 13 L. Ed. 2d 408, 85 S. Ct. 564.) Nevertheless when a defendant deliberately bypasses the orderly procedure established in a state court for raising constitutional claims and when testimony in court on identification of the defendant is offered and received without objection a trial court is afforded no opportunity to comply with the directions in *Wade* and *Gilbert*. In such case the trial court has no way of knowing there has been a pre-trial lineup or identification until after the testimony is admitted. Here the defendant deliberately bypassed the orderly procedure provided by K. S. A. 60-408 for determining the question of admissibility. Defendant made no contemporaneous objection to the in-court identification. Instead he chose to fully explore the circumstances of the pre-trial identification in the presence of the jury by cross-examination. At no time during the proceedings did he raise the *Wade* and *Gilbert* question of admissibility.

Under these circumstances defendant's failure to object to the in-court identification must be considered a part of defense strategy and he is precluded from raising the question on appeal. Many cases on this subject can be found in Vol. 1, Hatcher's Kansas Digest

(Rev. Ed.), Appeal & Error § 333, p. 158. These cases are supported by the recent holding in *Mize v. Crouse,* (C. A. 10th) 399 F. 2d 593 (1968).

The testimony given on cross-examination clearly establishes the in-court identification of defendant was based upon prior acquaintance with the defendant and upon observation of him during the robbery. The witnesses remembered that defendant had been to the drive-in prior to the robbery. The night before the robbery he was seen wearing the same distinctive black bandana.

In *United States v. Wade, supra,* it was said:

"We come now to the question whether the denial of Wade's motion to strike the courtroom identification by the bank witnesses at trial because of the absence of his counsel at the lineup required, as the Court of Appeals held, the grant of a new trial at which such evidence is to be excluded. We do not think this disposition can be justified without first giving the Government the opportunity to establish by clear and convincing evidence that the in-court identifications were based upon observations of the suspect other than the lineup identification. See Murphy v. Waterfront Commission, 378 US 52, 79, note 18, 12 L. Ed 2d 678, 695, 84 S. Ct. 1594. Where, as here, the admissibility of evidence of the lineup identification itself is not involved, a per se rule of exclusion of courtroom identification would be unjustified." (388 U. S. 239, 240.)

In *Gilbert v. California,* supra, it was said:

". . . [A]s in Wade, the record does not permit an informed judgment whether the in-court identifications at the two stages of the trial had an independent source. Gilbert is therefore entitled only to a vacation of his conviction pending the holding of such proceedings as the California Supreme Court may deem appropriate to afford the State the opportunity to establish that the in-court identifications had an independent source, or that their introduction in evidence was in any event harmless error." (388 U. S. 272.)

Assuming the pre-trial identification of defendant was a critical stage of the proceedings at which counsel should have been present, the record before us clearly establishes the in-court identification of the accused had an independent source established by the cross-examination testimony of the witnesses appearing in the record of the trial. Therefore the determination required in *Wade* and *Gilbert* has been made and no further proceedings appear necessary to establish the independent source required of the in-court identifications. The absence of counsel at the pre-trial identification was harmless error. (K. S. A. 60-261.)

A final reason appears why defendant's contention is without merit. The rule in *Wade* and *Gilbert* is not retroactive and applies only to confrontations for identification purposes conducted after

June 12, 1967, the date of those decisions. (*Stovall v. Denno,* 388 U. S. 293, 18 L. Ed. 2d 1199, 87 S. Ct. 1967; *State v. Kimmel,* 202 Kan. 303, 448 P. 2d 19; *State v. LeVier,* 202 Kan. 544, 451 P. 2d 142.) The confrontation in the present case occurred on April 17, 1966.

Defendant next contends the pre-trial identification was a lineup held under such circumstances as to amount to a denial of due process of law. He urges this independently of the "right to counsel claim" discussed in *Wade* and *Gilbert. Palmer v. Peyton,* 359 F. 2d 199 (C. A. 4th Cir. 1966) is cited as supporting authority.

Such an attack is based upon a totality of the circumstances bearing upon identification of the accused with the particular crime. If the procedure employed to obtain such identification fails to meet those "canons of decency and fairness established as part of the fundamental law of the land" the United States Supreme Court has said due process of law has been denied. (See *Stovall v. Denno,* supra, which cites *Palmer v. Peyton,* supra.)

However in *Stovall* identification of the accused from a hospital bed was held not to be a denial of due process of law under a totality of the circumstances. The *Palmer* case is easily distinguished on the facts. In *Palmer* a pre-trial identification of voice only was obtained by the police under questionable conditions. This was the only evidence linking the suspect to the crime. The witness did not make a direct identification of the defendant in court. She merely testified she identified the voice of the defendant at the police station.

There was substantial evidence in our present case connecting defendant with the robbery. The arresting officers testified defendant was apprehended near the scene of the crime. He was apprehended within thirty minutes after the robbery occurred. He attempted to avoid detection by crouching beside a parked car. He had the black scarf in his pocket and the marked coat containing the gun and sack was beside him. The waitresses made a positive in-court identification of the defendant. This identification was independent of the identification at the police station. There has been no violation of the "canons of decency and fairness" in the identification of defendant with this robbery. Due process of law was not denied.

Defendant next argues the court erred in permitting unfair comment in the closing argument of the assistant county attorney.

The alleged erroneous statements by Miss Daily were to the effect that defendant had tossed something under the vehicle; the witnesses had seen the same man the night before dressed in the dark coat and the name "Mose Wesley Sanders" was inside the coat found under the automobile.

Defendant says no witness saw the defendant toss anything under the vehicle; only one of the waitresses testified defendant was wearing a dark coat the night before the robbery and the name inside the coat was M. W. Sanders not Mose Wesley Sanders.

Although the statements made in oral argument were not specifically proven by the evidence, the facts stated could reasonably be inferred therefrom. These comments did not go beyond the scope of legitimate argument. They were based upon facts either disclosed by the evidence or inferable therefrom. (*State v. Gauger,* 200 Kan. 515, 438 P. 2d 455; *State v. McDermott,* 202 Kan. 399, 449 P. 2d 545.)

Defendant says he was improperly sentenced under K. S. A. 21-107a because a maximum sentence of sixty-three years was imposed by the court. He argues the sentence should have been for not less than fifteen years without a maximum number of years fixed.

We have held otherwise. The provision for minimum sentence of not less than fifteen years in the Habitual Criminal Act (K. S. A. 21-107a) when read in connection with K. S. A. 21-109 allows a maximum sentence for life or for any number of years not less than the prescribed minimum. (*Fitzgerald v. Amrine,* 154 Kan. 209, 117 P. 2d 582; *State v. Wood,* 190 Kan. 778, 378 P. 2d 536; *State v. Akins,* 194 Kan. 514, 399 P. 2d 848.) This was defendant's third conviction of felony. The sentence imposed of not less than fifteen and not more than sixty-three years was proper.

Defendant specifies error in overruling his motion for a new trial. What has been previously said in this opinion disposes of the arguments presented on this point.

The judgment is affirmed.