No. 45,379

State of Kansas, *Appellee,* v. Franklin R. Yurk, *Appellant.*

(456 P. 2d 11)

Opinion filed June 14, 1969.

*Donald W. Vasos,* of Kansas City, argued the cause and was on the brief for appellant.

*Nick Tomasic,* assistant county attorney, argued the cause, and *Kent Frizzell,* attorney general, and *Frank D. Menghini,* county attorney, were with him on the brief for appellee.

The opinion of the court was delivered by

Fatzer, J.: This is a direct appeal from a conviction of robbery in the first degree and a sentence of from twenty to 42 years pursuant to the provisions of K. S. A. 21-107a.

The record discloses that on December 11, 1967, the Save-U-More Market in Wyandotte County, Kansas, was robbed at gun point by four men. None of the men were masked, and in committing the robbery they remained in the store approximately eight minutes. At the trial, the appellant was positively identified by several employees in the store and several customers.

In connection with this offense, the appellant was arrested in the state of Missouri. He executed a written waiver of extradition, and was returned to the state of Kansas. On December 28, 1967, with

retained counsel present, he was given a preliminary examination and bound over to the district court for trial.

On January 8, 1968, an information was filed by the county attorney charging robbery in the first degree. (K. S. A. 21-527.) Trial was had on the merits, and on April 2, 1968, the jury returned a verdict of guilty. From the conviction, sentence, overruling of the motion for a new trial, and alleged errors occurring during the course of the trial, this appeal is taken.

Appellant first contends the district court erred in not granting a stay of the trial on the merits during the pendency of his appeal to the supreme court from the order of the district court denying his petition for a writ of habeas corpus.

It is fundamental that a writ of habeas corpus does not act as a supersedeas to delay a proceeding. The general rule is that apart from any statute to the contrary, pending a proceeding to obtain a review on a habeas corpus motion, the courts should not disturb the status quo established by an original ruling. Generally, the institution of a proceeding for review of a habeas corpus motion does not operate as a supersedeas, and in such instance an order denying discharge of the prisoner cannot be superseded during the pendency of such appeal. (39 C. J. S., Habeas Corpus, § 115, p. 721; *James v. Amrine,* 157 Kan. 397, 140 P. 2d 362, at pp. 402, 403.) For further discussion and cases see 63 A. L. R. 1460 and 143 A. L. R. 1354.

In the instant case, the record discloses the appellant had retained counsel present at the preliminary hearing on December 28, 1967, and at that time no question was raised with respect to the jurisdiction of the state of Kansas because of an alleged illegal arrest in the state of Missouri. The appellant's written waiver of extradition was executed before a judge of a court of record in Kansas City, Missouri, and filed on December 14, 1967. It was not until January 16, 1968, that the petition for a writ of habeas corpus was filed. At that time the appellant asked the district court to stay all proceedings relative to trial until all preliminary motions were disposed of.

To allow such a request would circumvent justice, prolong and delay the proceedings, and result in the denial of a speedy trial for the appellant. In *State v. Latham & York,* 190 Kan. 411, 375 P. 2d 788, cert. den. 373 U. S. 919, 10 L. Ed. 2d 418, 83 S. Ct. 1310, it was said:

". . . Inexcusable delay in the enforcement of our criminal law is one

of the grave evils of our time, and delays incident to motions for continuance have come in many cases to be a distinct reproach to the administration of justice. Prompt disposition of criminal cases is to be commended and encouraged. . . ." (1. c. 429.)

The district court saw no valid reason for the appellant not to stand trial once it had been determined that he was not being detained illegally. The district court correctly denied the stay and proceeded to trial, as that court was without authority to grant the stay since to do so would be tantamount to sustaining the writ even though the ruling be affirmed on appeal, which, in fact, occurred. (*Yurk & Brady v. Brunk*, 202 Kan. 755, 451 P. 2d 230.)

Appellant complains he was not afforded a copy of the transcript of the preliminary hearing proceedings.

During and following the preliminary examination no request was made for a copy of the transcript. Indeed, the point was not raised before or during the trial, and the district court was not asked to consider the request until sentence was ready to be imposed. Where a defendant pleads to an information and goes to trial, the subject matter surrounding the preliminary examination is no longer material and an objection to matters relating to preliminary examination after trial and conviction comes too late. (*State v. Mc-Carther*, 196 Kan. 665, 671, 414 P. 2d 59, and cases cited.)

It is next contended the appellant was deprived of a fair trial because he was compelled to appear in handcuffs in the hallway of the courthouse while being escorted from the jail to the courtroom.

Generally speaking, the rule is that freedom from handcuffs during the trial of a criminal case is an important component of a fair and impartial trial. (*Way v. United States*, 285 F. 2d 253.) But denial of a motion for a mistrial because defendant had been in a position, during an isolated incident occurring in the hallway of the courthouse, to be observed by the jury while he was wearing handcuffs was not an abuse of discretion. (*Glass v. United States*, 351 F. 2d 678.) See, also, *Odell v. Hudspeth*, 189 F. 2d 300 (C. A. Kan.).

It is not claimed the appellant was forced to appear in handcuffs in the courtroom or before the jury. Moreover, there was no showing that any of the jurors saw the appellant in handcuffs while he was being escorted to the courtroom through the hallway. As a matter of fact, the handcuffs were removed at the courtroom door before he was allowed to enter the courtroom. The record indicates clearly that no prejudice could have resulted to him.

The appellant complains of improper pretrial identification in that photographs of appellant were shown to three witnesses prior to their testifying at appellant's preliminary examination. It is claimed that such pretrial identification in a criminal proceeding is so impermissibly suggestive as to give rise to a substantial likelihood of irreparable misidentification and is, therefore, a denial of due process of law, citing *Stovall v. Denno,* 388 U. S. 293, 18 L. Ed. 2d 1199, 87 S. Ct. 1967.

The appellant further claims that the mandates of *Gilbert v. California,* 388 U. S. 263, 18 L. Ed. 2d 1178, 87 S. Ct. 1951, and *United States v. Wade,* 388 U. S. 218, 18 L. Ed. 2d 1149, 87 S. Ct. 1926, were violated with respect to improper pretrial identification procedure.

In the *Wade* case it was held that the in-court identification at the time of trial was not improper and would not be excluded because of the absence of counsel at a lineup, without first determining whether or not the in-court identification had a source independent of such improper identification.

In the instant case, the record shows that the in-court identification by the three witnesses was based on prior confrontations with the appellant who was unmasked at the time of the robbery, apart from their observations of him at a lineup in Kansas City, Missouri, two days after the perpetration of the crime. Based on those facts, and on identification made by witnesses from photographs shown them prior to the preliminary examination, the district court, at a subsequent independent hearing, found the in-court identification to have a valid independent source.

The district court remarked that at the time of the trial the witnesses were positive in their identification of the appellant based on the fact that at the time of the robbery, the witnesses were in good position to observe the appellant—"within a foot or two." It further stated:

". . . I don't have any hesitancy in my mind in saying that I don't believe that the lineup or the pictures or anything else influenced their identification of this man or that it in any way prejudiced him in this trial."

The matter of in-court identification was thoroughly gone into in the recent case of *State v. Sanders,* 202 Kan. 551, 451 P. 2d 148, and it was held:

"If there is substantial evidence in the record which identifies and connects the defendant with the crime charged independently of a pre-trial identification, lack of counsel at the pre-trial identification does not violate those canons.

of decency and fairness established as part of the fundamental law of the land so as to deny the defendant due process of law." (Syl. ¶ 3.)

See, also, *Simmons v. United States,* 390 U. S. 377, 19 L. Ed. 2d 1247, 88 S. Ct. 967, and *Cline v. United States,* 395 F. 2d 138.

The record indicates the witnesses who identified the appellant at the trial stood close to him when the robbery was committed and had a good opportunity to view his unmasked face. The witnesses were reliable and respectable people who lived in the community and were not likely to be coerced by officers into making false identifications. We conclude the point of error claimed by the appellant cannot be sustained.

The appellant next argues the district court erred in giving Instruction No. One wherein it stated the defendant and three co-defendants, named in the information and instruction, were charged in the information with robbery. The court also instructed that those accused were to be tried separately, and only the case against the appellant was presently being tried.

K. S. A. 62-429 makes provision for separate trials of persons jointly charged in the district court with felony, and reads:

"When two or more defendants are jointly charged with any felony, any one defendant requiring it shall be tried separately; in other cases, defendants jointly charged shall be tried separately or jointly, in the discretion of the court."

Each named defendant has a right to be tried separately but an information charging all defendants is not invalid if otherwise proper. (*Ramsey v. Hand,* 183 Kan. 307, 327 P. 2d 1080.) See, also, *State v. Shepley,* 203 Kan. 635, 456 P. 2d 8. In *State v. Roselli,* 109 Kan. 33, 198 Pac. 195, the question of joint defendants and separate trials was considered and it was said the statute gives the court control over the subject. The state was under no duty to file a separate information naming only the appellant; he was tried separately, and the information as to him is regarded as a separate charge, and was a valid information. No possible prejudice occurred by the giving of Instruction No. One.

The appellant lastly claims he was improperly sentenced under K. S. A. 21-107a. In sentencing the defendant, the district court found:

"That on the 30th day of April, 1968, evidence was presented by the State showing a previous felony committed by Franklin R. Yurk in which he was sentenced in the District Court of Linn County, Kansas, on the charge of auto theft and jail break. He was sentenced in September of 1951 to the Kansas State Penitentiary, Lansing, Kansas, for a term of not less than five nor more

than fifteen years for auto theft, and not less than one nor more than three years for jail break, sentences to run concurrently."

Appellant attacks the validity of the prior convictions in the district court of Linn County on the basis of denial of effective assistance of counsel. He argues that at the time of the prior convictions he was seventeen years of age, and he testified in the instant case prior to the imposition of sentence that he was advised by his attorney in the Linn County case that if he entered a plea of guilty the state would not use his juvenile record to invoke the habitual criminal act in that case and increase his sentence.

The only evidence in the record to sustain the alleged irregularity of the appellant's plea of guilty in the district court of Linn County is his uncorroborated testimony in the instant case. It has been repeatedly held that a proceeding resulting in a conviction carries with it a presumption of regularity and where one convicted of a crime attacks such a conviction, he has the burden of proof to establish such fact of irregularity by the preponderance of the evidence. (*Andrews v. Hand,* 190 Kan. 109, 121, 372 P. 2d 559, cert. den. 371 U. S. 880, 9 L. Ed. 2d 117, 83 S. Ct. 152; *Wilson v. Turner,* 168 Kan. 1, 208 P. 2d 846; *Miller v. Hudspeth,* 164 Kan. 688, 192 P. 2d 147.) The appellant failed to sustain that burden. As indicated, the only evidence directed to the invalidity of appellant's prior convictions is his own testimony in the court below. In a criminal action where counsel is appointed to represent an accused who is sentenced upon his plea of guilty there is *prima facie* evidence of regularity and the uncorroborated statements of the accused attacking such conviction are insufficient to overcome this evidence. (*Huston v. State,* 195 Kan. 140, 403 P. 2d 122; *Williams v. Crouse,* 193 Kan. 526, 394 P. 2d 96.)

Since appellant has not sustained the burden of proof incumbent upon him, and no patent irregularities appear as to the validity of the prior convictions, no error was committed by the district court in imposing sentence under the Habitual Criminal Act.

Our examination of the record compels us to conclude the district court committed no error in any respect during the appellant's trial, or in rendering judgment and sentence in accordance with the jury's verdict of guilty and the pertinent statutes.

The judgment is affirmed.