**Mose W. SANDERS, Petitioner,**

v.

**Sherman H. CROUSE, Warden, Respondent.**

**No. L–980.**

United States District Court, D. Kansas.

Oct. 9, 1969.

------◆------

Kent Frizzell, Atty. Gen. of Kansas, Edward G. Collister, Jr., Asst. Atty. Gen., for respondent.

There was no appearance for petitioner.

## MEMORANDUM AND ORDER

TEMPLAR, District Judge.

1. Sanders has lodged with the Clerk of this court a petition for writ of habeas corpus, accompanied by an affidavit in support of a motion for leave to proceed in forma pauperis under 28 U.S.C.A. § 1915. After examining the papers so lodged the court makes the following findings and order:

2. It appears that Sanders is presently in the custody of the respondent, Sherman H. Crouse, Warden of the Kansas State Penitentiary, Lansing, Kansas, pursuant to a sentence of not less than fifteen nor more than sixty-three years imposed upon him by the Wyandotte County District Court, Kansas City, Kansas, on February 10, 1967, following Sanders' conviction by a jury of first degree robbery. Sanders took a direct appeal and his conviction was affirmed. State v. Sanders, 202 Kan. 551, 451 P.2d 148 (1969). Sanders has not filed a motion for post-conviction relief under KSA 60–1507.

3. Sanders' contentions may be summarized as follows:

He was subjected to an improper line-up identification in that Sanders, a black man, was placed in a line-up with two white policemen, one of whom was in uniform. He contends that this was a deprivation of due process of law. He also contends that his sentence is improper under the laws of the State of Kansas. This latter contention appears to be a matter of state law exclusively, and does not involve any constitutional or federal question.

4. 28 U.S.C.A. § 2254 provides as follows:

> "An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State Court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner. An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented".

5. Sanders' application reveals that he has not sought post-conviction relief under the available Kansas statutes, though he contends that he has presented his contentions both to the trial court and to the Kansas Supreme Court. However, he has not exhausted his state remedies where he has failed to seek available post-conviction relief. This is a prerequisite to federal habeas corpus. The rule and the reasons for it are fully set out in Brown v. Crouse, 395 F.2d 755 (10th Cir. 1968); and see Omo v. Crouse, 395 F.2d 757 (10th Cir. 1968). Accordingly the Court concludes that Sanders has not exhausted his available state remedies, and that relief must now be denied.

6. It is ordered that leave to proceed in forma pauperis be granted; that the application be filed; and that the action so filed be dismissed.