No. 45,834

STATE OF KANSAS, *Appellee*, v. JAMES ADOLPHUS BOYD, *Appellant*.

(479 P. 2d 837)

Opinion filed January 23, 1971.

*I. F. Bradley, Jr.*, of Kansas City, argued the cause and was on the brief for appellant.

*Nick A. Tomasic*, Chief Deputy County Attorney, argued the cause and *Kent Frizzell*, Attorney General, and *Frank D. Menghini*, County Attorney, were with him on the brief for appellee.

The opinion of the court was delivered by

FROMME, J.: James Adolphus Boyd was tried and convicted on three counts of robbery in the first degree, on one count of kidnapping and on one count of rape. The victims of these crimes were employees of the Granada Theater in Kansas City. Defendant Boyd appeals and specifies alleged trial errors as bases for reversal.

Defendant attacks the sufficiency of the evidence to sustain the charges.

We will summarize the testimony of the three victims who testified at the trial. The last show at the Granada Theater began at ten o'clock p. m. on January 2, 1969. David Harris, an employee at the theater, was working in the outside hall when he was grabbed from behind and a sharp object was placed against his back. His assailant demanded to be taken to the "boss man". Harris led his assailant up a flight of stairs toward the business office. At the top of the stairs Harris was positioned with his back to a wall, a knife was placed against his chest and he was relieved of his watch

and money.  The defendant then placed the knife against the back of Harris' neck and marched Harris into the office.  William Foster and a young lady were working in the office when defendant and Harris entered.  Foster and the young lady were relieved of their pocket money by the defendant.  Harris, Foster and the young lady were then herded downstairs to the box office.  Defendant demanded that Foster open the safe.  Foster complied and defendant obtained a sack of money from the safe.  Harris and Foster were forced to sit on the floor.  Defendant took the young lady hostage at knife point.  She was taken some distance from the theater, down an embankment, up an alley and between two houses.  She was threatened with death, made to disrobe, lie on the ground and have sexual intercourse with her assailant.  An hour elapsed before defendant told her to straighten her clothes and leave.  The young lady ran wildly into the street and continued to run from her assailant until she was stopped by a police officer.

The man wielding the knife did not attempt to disguise himself during the robberies, kidnapping and rape.  He was viewed continuously at close quarters in good light by each of his three victims.  The defendant was positively identified at the trial by all three victims.  The state's evidence at the trial, if believed by the jury, was sufficient to sustain the charges.

However, defendant testified he was at the home of a friend when the crimes were committed.  He went there to practice his singing as a member of a choral group.  No other member of the choral group showed up that night.  Defendant's friend, Melvin Lee, corroborated defendant's story.  Thus the jury was given two irreconcilable stories, only one of which they could believe.

In a criminal prosecution it is the function of the jury, subject to the approval of the trial court, to determine what facts are established by the evidence.  Before a verdict which has been approved by the trial court can be set aside on appeal because of insufficiency of the evidence it must be made to appear that upon no hypothesis is there sufficient substantial evidence to support the conclusion reached in the trial court.  (*State v. Scoggins*, 199 Kan. 108, 427 P. 2d 603; *State v. Satterfield*, 202 Kan. 391, 449 P. 2d 564.)

It is apparent from the verdicts reached in this case that the jury simply did not believe defendant's story.  The jury accepted the evidence introduced by the state to prove these crimes and

there was substantial evidence to support the verdicts on all counts.

Defendant next argues it was error for the trial court to approve the verdict because the jury only deliberated an hour and a half. A similar claim was made in *State v. Lee* 201 Kan. 177, 440 P. 2d 562, when a jury reached a verdict in forty-nine minutes. In *Lee* we pointed out that it is common knowledge among judges and lawyers that juries have reached unimpeachable verdicts within less time.

The length of time the jury deliberated before reaching a verdict is not basis for reversal on appeal. The defendant's argument on this point is wholly without merit.

Defendant contends the trial court erred in denying his request for a continuance to allow sufficient time for a corrective operation on defendant's arm before trial.

After defendant was bound over for trial he escaped from jail. Several days later he was apprehended during a holdup in a shoe store, where he had been shot in the arm. He received medical attention and was returned to jail. This was in March. On June 2 defendant's attorney answered the call of the docket and the case was set for trial beginning June 23. There was no objection. On June 4 the case was re-scheduled for trial beginning June 17 because of conflicts on the 23rd. A motion for continuance was filed.

Some argument was made on the motion for continuance that defendant lacked time to prepare for trial. However, defendant had obtained his attorney prior to the preliminary hearing on February 6. This was four months before the day set for trial. The motion for continuance was overruled a week before trial was scheduled to begin. Defendant does not explain how he was prejudiced in his defense by lack of time.

The main thrust of his argument on this point is directed toward his need of a corrective operation on his arm, injured during the holdup of the shoe store. Continuance was requested to delay the trial another four months until the September term of court. The record indicates no immediate need for this corrective operation. It was admitted by defendant's attorney that the doctor in charge had advised him there would be no physical harm to defendant if the operation was scheduled after the trial. The court was advised that defendant was taking no medication of a sedative nature. There was no contention made that defendant's physical condition prevented him from taking part and assisting in the defense of his case.

The granting or denial of a continuance in a criminal prosecution is a matter which lies within the sound judicial discretion of the trial court and its ruling thereon will not be disturbed in the absence of a showing that there has been an abuse of discretion which substantially prejudiced defendant's rights. (*State v. Adamson,* 197 Kan. 486, 419 P. 2d 860; *State v. Kimmel,* 202 Kan. 303, 448 P. 2d 19.)

Under the circumstances related we find no substantial prejudice to defendant's rights and the trial court's denial of the continuance did not constitute an abuse of discretion.

Defendant's final argument is two pronged. He states he was denied the right to have counsel present at a lineup and that subsequent identifications in court were not admissible when based upon a constitutionally defective lineup.

In making these arguments defendant attempts to fit the facts of his case within the *Wade-Gilbert* pronouncement of the United States Supreme Court. However, the record before us does not support his contentions. Prior to the lineup in the present case defendant was advised, orally and in writing, of his right to have counsel present at the lineup. No attorney was requested by defendant and he voluntarily waived this right. The trial court, outside the presence of the jury, held a hearing and heard testimony bearing upon the legality of the pre-trial lineup and upon the voluntary nature of defendant's waiver of counsel. When trial resumed the identifications of the defendant were made by the witnesses without contemporaneous objection by the defendant.

When a defendant makes no contemporaneous objection to an in-court identification such action is considered a part of defense strategy and he is precluded from raising the question of admissibility on appeal. (*State v. Sanders,* 202 Kan. 551, Syl. ¶ 1, 451 P. 2d 148.)

If there is substantial evidence in the record which identifies and connects the defendant with the crimes charged and which indicates the in-court identifications had a source entirely independent of the pre-trial lineup lack of counsel at the pre-trial identification does not deny defendant due process of law. (*State v. Sanders,* supra; *State v. Yurk,* 203 Kan. 629, 632, 456 P. 2d 11.)

The record shows the in-court identifications in this case were based upon a recognition of the defendant gained by the witnesses from confrontation with defendant during the period of time he was

engaged in committing these crimes. These identifications had a source entirely independent of the pre-trial lineup.

After examining the entire record we conclude there was no error committed during appellant's trial and the judgment is affirmed.