No. 48,232

STATE OF KANSAS, *Appellee*, v. DAVID C. WILSON, *Appellant*.

(558 P. 2d 141)

Opinion filed December 11, 1976.

*Willard L. Thompson, Jr.,* of Wichita, argued the cause, and was on the brief for the appellant.

*Stephen Joseph,* assistant district attorney, argued the cause, and *Curt T. Schneider,* attorney general, *Keith Sanborn,* district attorney, and *Stephen E. Robison,* assistant district attorney, were on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is an appeal in a criminal action from a jury verdict which found David C. Wilson (defendant-appellant) guilty of aggravated robbery. (K. S. A. 21-3427.) Numerous points for reversal are asserted on appeal.

The facts surrounding this case are fully reported in a case involving David C. Wilson's codefendant, Kenneth L. Holloway, who prosecuted a separate appeal. (*State v. Holloway,* 219 Kan. 245, 547 P. 2d 741.) Suffice it to say on February 15, 1974, three black males robbed a shoe store. The trio was observed by the store manager, Galen Achten, and his friend, Roderick McPherson,

while in the store. Fingerprints taken from a store shoehorn matched those of Wilson. A license number, which matched Wilson's car, was recorded by Police Lieutenant Gary Burgat near the robbery scene. Wilson and Holloway were tried to a jury on an information charging them jointly with aggravated robbery.

The appellant's primary point on appeal concerns the identification procedures. The appellant contends: "The trial court erred in allowing testimony, without an out of court hearing on its own initiative, from the two clerks on the issue of identification that in the totality of circumstances were unduly impermissibly influenced and suggestive with a substantial likelihood of irreparable misidentification, to-wit: police influence in mug identification and preliminary hearing testimony; equivocal testimony by witness Achten that he had seen the robbers the day of the preliminary hearing but not in the courtroom; and by the suggestive one and two man photo show ups along with police suggestions to the witnesses."

The record discloses Mr. McPherson looked through a stack of photos without identifying any robbers. As he started to look at a second stack, the police handed him two mug shots and asked if those were the robbers. Mr. McPherson thought they matched the description. Either Mr. McPherson or a detective then took the two photos to Mr. Achten who was in the same room looking at other bundles of pictures. Trial testimony of Mr. Achten indicates the following occurred:

"A. No, they were brought to me. Rod picked them out and brought them to me and I said that was them.

❋ ❋ ❋ ❋ ❋

"Q. Did he bring those over to you or did Detective Oakley?
"A. He came over with an officer and had them in his hand and said, 'Does this look like the two?' And I said, 'Yes.'
"Q. The best you recall you said, 'That looks like the two.' Is that right?
"A. Yes, I said it was the two."

It is significant to note neither Wilson nor Holloway ever objected to the identification process or testimony regarding that process. Rather, their trial strategy was aimed solely at discrediting the two witnesses, Achten and McPherson, as they had successfully done at the first preliminary hearing. K. S. A. 60-404 provides:

"A verdict or finding shall not be set aside, nor shall the judgment or decision based thereon be reversed, by reason of the erroneous admission of

evidence unless there appears of record objection to the evidence timely interposed and so stated as to make clear the specific ground of objection."

The rationale underlying 60-404, *supra,* was explained in *Baker v. State,* 204 Kan. 607, 464 P. 2d 212, as follows:

"The contemporaneous objection rule long adhered to in this state requires timely and specific objection to the admission of evidence in order for the question of admissibility to be considered on appeal. (K. S. A. 60-404.) The rule is a salutary procedural tool serving a legitimate state purpose. (See, *Mize v. State,* 199 Kan. 666, 433 P. 2d 397; *State v. Freeman,* 195 Kan. 561, 408 P. 2d 612, cert. denied, 384 U. S. 1025, 16 L. Ed. 2d 1030, 86 S. Ct. 1981.) By making use of the rule, counsel gives the trial court the opportunity to conduct the trial without using the tainted evidence, and thus avoid possible reversal and a new trial. Furthermore, the rule is practically one of necessity if litigation is ever to be brought to an end." (p. 611.)

Because the appellant did not move to suppress the photo identification and did not object to the in-court testimony and identification, he is precluded from raising the question for the first time on appeal. (*State v. Cameron & Bentley,* 216 Kan. 644, 649, 533 P. 2d 1255; and *State v. Boyd,* 206 Kan. 383, 479 P. 2d 837.) This is particularly true where the absence of a contemporaneous objection must be considered part of the appellant's defense strategy. (*State v. Boyd,* supra at 386; and *State v. Sanders,* 202 Kan. 551, 451 P. 2d 148.) Because of the defense strategy, the state had no need to call the detectives who showed the mug shots. The record, therefore, has no foundation to support the conclusion that the photographic identification was impermissibly suggestive.

The appellant argues the trial court, *on its own initiative,* should have excluded the identification testimony. We do not read *United States v. Fowler,* 439 F. 2d 133 (9th Cir. 1971), which the appellant cites, to require a court, *on its own initiative,* to exclude arguably suggestive identification testimony.

The appellant notes a comment by a witness was that he still had "the mental image" in his mind. The appellant argues such language is not the normal expression of a lay person and could have only come from the suggestive influence of the state's prosecution team. On at least one occasion the prosecuting attorney asked Mr. Achten if he still had "a mental image of what the robbers looked like." This may account for the use of the term "mental image."

Assuming the point asserted by the appellant to be here, we fail to see that it has merit. In *Simmons v. United States,* 390 U. S. 377,

19 L. Ed. 2d 1247, 88 S. Ct. 967, the Court stated the governing test as follows:

". . . [W]e hold that each case must be considered on its own facts, and that convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. . . ." (p. 384.)

(See also *State v. Nesmith*, 220 Kan. 146, 148, 551 P. 2d 896; and *State v. Mitchell*, 220 Kan. 700, 556 P. 2d 874.)

Although a confrontation procedure may be suggestive, if under the totality of the circumstances the identification is reliable, the identification is admissible. (*Neil v. Biggers*, 409 U. S. 188, 34 L. Ed. 2d 401, 93 S. Ct. 375; and *State v. Nesmith*, supra.)

For a discussion of photographic identification and suggestiveness see Annot., 39 A. L. R. 3d 1000 (1971).

Here the robbers were in the store for forty-five minutes prior to the robbery, so both witnesses had ample opportunity to view the criminals. Before the robbery, they aroused Mr. McPherson's suspicion as he observed them. Mr. Achten saw their faces from a distance of one to ten feet approximately ten or fifteen times.

The accuracy of witnesses in giving prior descriptions of the criminals is important. At the first preliminary hearing, both witnesses displayed some confusion. However, at trial Mr. Achten explained his confusion over changes in hair and clothing and testified there was no doubt in his mind as to the identity of the people who robbed him. Mr. McPherson testified during cross-examination at the trial that he still had a small doubt.

We also note the short length of time between the commission of the crime and the identification. Mr. McPherson testified he picked out the appellant's picture one-half hour after the crime. Mr. Achten testified he identified the mug shots about an hour and one-half after the robbery.

After the discharge of the appellant and his codefendant following the first preliminary hearing on April 13, 1974, for lack of positive identification by Mr. McPherson and Mr. Achten, the codefendants attempted to get the money taken from them after the arrest. They approached Officer Gary Davis who told them the money would have to be returned by the jail. Mr. Holloway then in the presence of the appellant made the following remark, "Man, we have just committed the perfect crime and they won't give us our money

back." This admission resulted in the refiling of charges by the district attorney's office, and undoubtedly was ultimately responsible for their conviction by the jury.

We conclude the totality of the circumstances does not suggest a substantial likelihood of irreparable misidentification.

The appellant contends: "The trial court erred in denying the defendant due process when there was a substantial danger of misidentification of defendants by not giving, on its own initiative, an instruction that if there was reasonable doubt on identification of the defendants as the persons committing the crime, then the jury should acquit."

The trial court gave general instructions, among which was the usual instruction on burden of proof in a criminal case.

The appellant did not request any special instruction on the issue of identification. K. S. A. 22-3414 (3) provides in part:

"No party may assign as error the giving or failure to give an instruction unless he objects thereto before the jury retires to consider its verdict stating distinctly the matter to which he objects and the grounds of his objection unless the instruction is clearly erroneous. . . ."

(*State v. Harwick,* 220 Kan. 572, 577, 552 P. 2d 987; and *State v. Ponds and Garrett,* 218 Kan. 416, 419, 543 P. 2d 967.) Accordingly, appellate review is precluded.

The cases cited by the appellant do not indicate that the trial court, *on its own initiative,* must give a special instruction on identification. We do note, however, in *State v. Ponds and Garrett,* supra, Ponds requested a special instruction on identification. The trial court refused the request, and Ponds claimed error. The court rejected that claim and stated:

". . . The identification of the defendant as the one who committed the crime is a primary issue in nearly every criminal case. The jury was informed that each and every element of the crime had to be established beyond a reasonable doubt, and identity is one of those elements. '[E]rror cannot be predicated on the refusal to give specific instructions where those which were given cover and include the substance of those refused.' (*State v. Skinner,* 210 Kan. 354, 361, 503 P. 2d 168.)" (p. 419.)

The above statement is applicable in the case at bar.

The appellant challenges the jury selection. In *State v. Holloway,* supra, this court reviewed the entire voir dire examination transcript and found no error. Given the same voir dire examination, the appellant contends members of institutions, such as Boeing, Beech, Cessna, Learjet, Coleman, Koch Engineering, Santa Fe,

Southwestern Bell, K. G. & E., universities and hospitals, were heavily represented on the jury panel, which indicates the lack of a random jury selection. No evidence was presented concerning how the jury selection was done. A bald assertion in appellant's brief concerning one jury panel does not establish a *prima facie* case of discrimination in jury selection. (*State v. Reed*, 214 Kan. 562, 520 P. 2d 1314; *State v. Holloway*, supra; and authorities cited therein.)

Other points asserted by the appellant, based upon the identical record reviewed by this court in *State v. Holloway*, supra, are found to have no merit. These points are identified by syllabus numbers 3, 7, 8 and 10 and are reviewed in the corresponding portions of the opinion in *State v. Holloway*, supra.

The appellant contends the trial court erred in allowing the prosecutor to use the term "reasonable doubt" during voir dire examination of the jurors to misconstrue the state's burden of proof. No objection was made during voir dire. In addition the trial court found both parties had used this term. We find the point lacks sufficient merit on the record presented to warrant reversal. No prejudice to the appellant is shown to have resulted.

The trial court did not err in overruling the appellant's motion for judgment of acquittal. (*State v. Gustin*, 212 Kan. 475, Syl. 3, 510 P. 2d 1290; and *State v. Holloway*, supra at 255.)

The judgment of the lower court is affirmed.