No. 54,951

STATE OF KANSAS, *Appellee*, v. DANIEL J. BOURNE, *Appellant.*

(660 P.2d 565)

Opinion filed March 26, 1983.

*Thomas W. Stibal,* of Kansas City, argued the cause and was on the brief for appellant.

*J. Dexter Burdette,* assistant district attorney, argued the cause, and *Nick A. Tomasic,* district attorney, and *Robert T. Stephan,* attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

MILLER, J.: Defendant Daniel J. Bourne appeals from his jury conviction in Wyandotte District Court of three counts of aggravated kidnapping, K.S.A. 21-3421; one count of kidnapping, K.S.A. 21-3420; and one count of aggravated battery, K.S.A. 21-3414. Before trial, Bourne pled guilty to two charges of aggravated robbery and charges of rape and indecent liberties with a minor, all arising out of the same series of incidents. He contends that the trial court erred in admitting a knife into evidence, in overruling his motion for judgment of acquittal on two counts of aggravated kidnapping, and in refusing a requested instruction; and he contends that one count of aggravated kidnapping was multiplicitous with the charge of aggravated battery and merged with it into a single count.

The evidence discloses brutal and revolting acts, but it must be reviewed. A family of five, consisting of mother, father, two daughters, ages fourteen and eleven, and a son, age seven, were

asleep in their Wyandotte County home on December 8, 1981. The mother responded to a knock at the door; Bill Alderman appeared and asked to see her husband. She knew Alderman, so she let him in; defendant, whom she had not seen and whom she did not know, also came in. Both men followed her back to the master bedroom, where her husband and son were sleeping. Alderman produced an automatic pistol which he held pointed at family members during the ensuing events.

Bourne produced a knife, cut an electrical cord from a vacuum cleaner, and tied the husband's hands and feet. He stabbed the husband in the shoulder. He then brought the two little girls to the master bedroom. He cut another electrical cord and tied the mother with it. Bourne took the older girl to another bedroom and attempted to assault her; he stopped, returned to the parents' bedroom and completely severed the husband's right thumb from his hand. Defendant then returned to the adjoining bedroom and raped the girl. Next, he took the younger girl away from her parents, brought her into the same bedroom with her sister, and manually assaulted her, causing pain and bleeding in her vaginal area. Thereafter, Bourne returned to the master bedroom and stabbed the husband in the buttocks and kicked him in the head. Bourne and Alderman took money, wedding rings and other jewelry from the parents, and a .38-caliber handgun from a closet. They broke a bottle over the headboard of the bed, causing glass to shatter over husband, wife and son; and they fired a shot into the bed. Fortunately, no one was hit. After threatening to kill the entire family, Bourne and Alderman left. The police were notified, and on the following morning they arrested both men near Alderman's property. Bourne had a knife and the stolen handgun in his possession when he was arrested.

Defendant first claims error in the admission of the knife, contending that it was not relevant because there was no evidence that it was the knife used in the various crimes. A knife was used repeatedly by this defendant throughout the events of December 8; defendant was arrested the next morning, not far away, in possession of the knife introduced in evidence. Items found in an accused's possession are relevant and admissible when the circumstances logically tend to connect the accused with the crimes charged. See *State v. Baker*, 219 Kan. 854, 858-59, 549 P.2d 911 (1976). Here there was no issue of identity;

defendant admitted that he was present at the crime scene by his guilty pleas to four felony charges arising at the same time. The knife was relevant and was properly admitted into evidence. The lack of positive identification goes to the weight, rather than the admissibility, of the evidence.

Defendant contends that his removal of the girls, separately, to an adjoining bedroom for the purposes of rape and indecent liberties, respectively, does not constitute aggravated kidnapping under the rules stated in *State v. Buggs,* 219 Kan. 203, 216, 547 P.2d 720 (1976). It does. Moving each little girl into another room and away from her parents, her brother, and defendant's accomplice, so that none of them could see or interfere with defendant's acts, was sufficient movement to constitute kidnapping. The rape and the indecent liberties supplied the bodily harm to make the kidnapping aggravated. This claim of error is covered fully by the rationale of our recent opinion in *State v. Chears,* 231 Kan. 161, 163-165, 643 P.2d 154 (1982).

Defendant requested two jury instructions based upon *Buggs,* which the court refused. The trial court gave full and complete instructions, fairly stating the law and covering generally the matter contained in the requested instructions. "Error cannot be predicated on the refusal to give specific instructions where those which were given cover and include the substance of those refused." *State v. Peoples,* 227 Kan. 127, 136, 605 P.2d 135 (1980); *State v. Wilson,* 221 Kan. 92, Syl. ¶ 3, 558 P.2d 141 (1976).

Finally, defendant contends that Counts I and X are multiplicitous. Count I charged Bourne with aggravated kidnapping of the father in order to facilitate the crimes of aggravated robbery, rape and indecent liberties, and alleges that the victim was injured during confinement by being beaten. Count X charged Bourne with the aggravated battery of the same person with a deadly weapon, a knife.

The victim was tied up at gunpoint. He was beaten and stabbed. He was constantly threatened with the pistol. He was not constantly threatened or stabbed with the knife; its use was intermittent and was not a continuing act of force. The severing of his thumb was a separate and wholly unrelated act of violence. The offense of aggravated kidnapping, as charged, did not require proof of dismemberment or use of the knife; the offense of aggravated battery required proof of use of that deadly weapon.

If each offense charged requires proof of a fact not required in proving the other, the offenses do not merge and there is no multiplicity. See *State v. Garnes,* 229 Kan. 368, Syl. ¶ 6, 624 P.2d 448 (1981). Here there was no multiplicity and no merger. We find no error.

The judgment is affirmed.